THE STATE v. BARRACKMORE.

1. **Criminal Law**: LARCENY. If one holds possession of or disposes of the property of another, under the well founded belief that he is entrusted with the property by the latter for that purpose, he is not guilty of larceny.

*Appeal from Polk District Court.*

FRIDAY, MARCH 22.

THE defendant was convicted of the crime of larceny in stealing a horse and now appeals to this court.

*Phillips, Goode & Phillips*, for appellant.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, J.—The horse was the property of one Michael Angelas. The defendant is a horse trader, and he took the horse and exchanged it for another horse. Negotiations had taken place between Angelas and the defendant in relation to the defendant's buying the horse or exchanging it for another. The negotiation was carried on in

1. CRIMINAL law: larceny.

the English language, which Angelas spoke imperfectly. There was evidence tending to show that the defendant might have understood that he was authorized to take the horse and pay $50 when he disposed of the horse, or give Angelas a better one.

The defendant asked the court to instruct the jury that "if any arrangement existed between the defendant and Angelas that the defendant was to have the possession of the horse for trade, and had the right from Angelas to trade the horse, or if the defendant had a well founded belief (upon a sufficient cause) that he had such right, and that in such belief he sold the horse, or traded him off, then he is not guilty of larceny."

This instruction the court refused to give; in so refusing we think the court erred. It is true the court instructed the jury that if the defendant traded the horse off with intent to deprive Angelas of his property in it, and to convert it or its value to his own use, then he would be guilty of larceny. From this an implication might be gathered that he would not be guilty of larceny if he traded off the horse in the well founded belief that he had authority to do so. But the case, we think, called for the expression of this idea directly and not merely by implication. *Muldowney v. The Ill. Cent. R. R. Co.*, 32 Iowa, 176. The judgment must be REVERSED.