## Commonwealth *v.* Wilson, Appellant.

*Criminal law—Instructions to jury—Reasonable doubt—Adequate instructions.*

Instructions to the jury on the question of reasonable doubt, which leave no erroneous impression, and which do not prejudice the defendant's rights, will not be considered grounds for reversal.

Where the court used language in its instructions, which taken alone, might have been regarded as objectionable but which considered in the light of the whole charge, adequately discussed the question involved, the charge cannot be considered as ground for reversal.

PORTER and KELLER, JJ., dissent.

Argued April 21, 1919. Appeal, No. 41, Oct. T., 1919, by defendant, from the judgment of Q. S. Lycoming Co., Sept. Sess., 1918, No. 47, on verdict of guilty in the case of Commonwealth v. Frank I. Wilson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Indictment for larceny. Before WHITEHEAD, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were various rulings on evidence, answers to points and the charge of the court.

*Max L. Mitchell,* and with him *Arthur A. Smith* and *Candor & Munson,* for appellant.—The charge of the court was inadequate and misleading: Com. v. Duffy, 49 Pa. Superior Ct. 366; Com. v. Brown, 58 Pa. Superior Ct. 300; Com. v. Principatti, 200 Pa. 587.

The court erred in its instructions as to reasonable doubt: Com. v. Deitrick, 221 Pa. 7; Com. v. Andrews, 234 Pa. 597; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Boher, 59 Pa. Superior Ct. 573.

*Charles F. Greevy,* District Attorney, for appellee.

Opinion by Trexler, J., July 17, 1919:

The defendant, a pawnbroker, was convicted of larceny as bailee of certain jewelry, which had been pawned and which he fraudulently converted to his own use. Most of the assignments require but passing notice:

1st. The offer to prove that defendant's custom was to destroy his pawn tickets was refused. It would not throw any light or explain defendant's action in destroying the pawn tickets in question, for they were not such as came to him in the ordinary course of his business but represented unredeemed pledges. The tickets belonged to the prosecutrix and were turned over to the defendant at his request.

2d. The rejection of the pawn tickets did not constitute reversible error, as the court subsequently overruled the objection and admitted them "as corroborating the testimony of the defendant and showing what matter was contained upon the tickets." This gave the defendant about all he could ask for and he appeared to have been satisfied as he took no exception to the court's action.

3d, 4th & 5th. The attention of the trial judge should have been called to any error in quoting the testimony before the jury retired.

6th. The charge contains the following: "Upon the question of time, which, by the way, as the court views this matter, is the important fact for you to determine, the parties do not agree." The court probably should have used the article "an" instead of "the," but the failure to do so is not serious. The contention of the prosecutrix was that she had six months to redeem the pledges. The tickets provided for thirty days and the defendant admitted a period of three months. If the articles were appropriated by the defendant after the expiration fixed for their redemption the defendant could not be convicted, and the court was right in viewing the matter of time as all important.

The remaining exceptions that the charge was inadequate may, except as to the assignments specially noted below, be dismissed. The language used in Commonwealth v. Zappe, 153 Pa. 501, and substantially repeated in a number of cases, applies "If the judge fails to charge upon some point which the defendant's counsel regards as essential to the defense, it is only fair to the trial judge that his attention should be called to it before the jury leave the bar, in order that he may correct any omission if any has been made." The court properly defined the crime with which the defendant was charged. The words "fraudulently converted to his own use," standing alone without explanation, convey a correct idea of the crime to the ordinary juror. If the defendant wished the court to further explain the meaning of these terms, the court no doubt would have complied with his request.

The only remaining assignment is directed to the failure to correctly and adequately instruct the jury as to reasonable doubt. In fairness to the trial judge, we must consider all that he said on this subject. He charged as follows: "This defendant is presumed to be innocent and it is incumbent upon the Commonwealth to prove to your satisfaction and beyond a reasonable doubt, that the defendant is guilty. This doubt, however, must be such as arises out of the evidence. If in your own business trans-

actions you would be convinced beyond any doubt of the truthfulness of the statement of the defendant, then that would be such a doubt as should cause you to hesitate to convict, and you must give the defendant the benefit of that doubt and acquit him.  If, however, you have no doubt of the defendant's guilt then not only under your oaths but your manhood as well, you would be compelled to bring in a verdict of guilty."  Then further on the defendant's third point.   "The burden of proving the charges contained in the indictment is on the Commonwealth.   The defendant, under our law, is presumed to be innocent until proven guilty and the evidence of the Commonwealth must, therefore, convince you beyond a reasonable doubt of the defendant's guilt.  If there is any reasonable doubt in your minds of the defendant's guilt, growing out of the evidence in this case, he must be given the benefit of that doubt and it is your duty to acquit him."

It must be admitted that by detaching two sentences from the context in the above quotation they do not give a clear expression as to reasonable doubt.  The language is so involved as not to convey a very clear idea of what the court desired to say.  The objectionable part is preceded by correct instructions and also followed by language framed by the defendant's counsel.  We are convinced that it left no wrong impression on the jury and that the defendant was not harmed.

There was an application for a new trial, which was abandoned.   The defendant seemed to have been reconciled to the verdict and to have acquiesced in it but the sentence apparently was a disappointment to him.

The assignments of error are overruled.   The judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.

DISSENTING OPINION BY KELLER, J., July 17, 1919:

I regret that I cannot concur in the opinion of the court filed in this case.

In his charge, the learned trial judge told the jury that the question of time was the important fact for them to determine and elaborated at length on the subject so as to lead the jury to understand that if, notwithstanding the printed terms on the pawn ticket, the defendant had agreed to give the prosecutrix six months in which to redeem the property pawned he was guilty, while if the time limit was only until September 1st, he was not guilty. The important fact to be determined by the jury was the fraudulent intent of the defendant in selling the pawned goods, and while the time of the pledge was an element in determining the fraud, it was not absolutely controlling, and the guilt or innocence of the defendant did not depend on the jury's determination of that fact.

So also, in his instructions as to reasonable doubt, the trial judge clearly was confused and in error. He told the jury, it is true, that the defendant was presumed to be innocent and that it was incumbent upon the Commonwealth to prove to their satisfaction and beyond a reasonable doubt that the defendant was guilty, but he immediately went on to explain what was meant by reasonable doubt, as follows: "If in your own business transactions you would be convinced, beyond any doubt, of the truthfulness of the statement of the defendant, then that would be such a doubt as should cause you to hesitate to convict and you must give the defendant the benefit of that doubt and acquit him." This explanation was directly contrary to the law, and required the defendant to convince the jury of the truthfulness of his testimony, beyond any doubt, before they could acquit him. In my judgment the error was not sufficiently corrected in the rest of the charge.

I would sustain the sixth and ninth assignments of error and award a new trial.

PORTER, J., concurs in this dissent.