# Commonwealth *v.* Wilson, Appellant.

*Criminal law—Larceny as bailee—Pawnbroker—Criminal intent —Wrongful sale of pledged goods—Time.*

1. On the trial of an indictment against a pawnbroker for larceny as bailee, where the prosecutrix testifies that the defendant sold the pledged goods prior to the date at which he had agreed

that she might redeem them, and this is denied by him, the important fact to be determined by the jury is the fraudulent intent of the defendant in selling the goods, and it is error for the court to charge that the guilt or innocence of the defendant depended upon their finding as to the time limit agreed upon by him for the redemption of what he had taken in pawn.

2. If the defendant sold the goods under the honest belief that the time for their redemption had expired, and had not intended any fraud upon the pledgor he was not guilty of the offense charged against him, even if, as a matter of fact, he was mistaken in his recollection and the prosecutrix was right as to the time within which she could redeem.

*Criminal law—Reasonable doubt—Burden of proof—Charge.*

3. On the trial of a criminal indictment the burden is on the Commonwealth to present a case against the defendant establishing his guilt beyond a reasonable doubt, and if it fails to do so, he is entitled to an acquittal. The burden is not on the defendant to convince the jury of the truthfulness of his testimony, beyond any doubt, before they can acquit him.

Argued October 6, 1919. Appeal, No. 336, Jan. T., 1919, by defendant, from judgment of Superior Ct., Oct. T., 1919, No. 41, affirming judgment of Q. S. Lycoming Co., Sept. T., 1918, No. 47, on verdict of guilty in case of Commonwealth v. Frank I. Wilson. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Appeal from judgment of Superior Court.

See 72 Pa. Superior Ct. 467.

The Superior Court affirmed the judgment **of the** court of quarter sessions. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*Max L. Mitchell,* with him *Arthur A. Smith* and *Candor & Munson,* for appellant.—It is the duty of the trial court to properly instruct the jury as to the nature and character of the crime on trial so that there may be no

doubt in the minds of the jurors as to the proper application of the facts they may find: Com. v. Brown, 58 Pa. Superior Ct. 300, 308; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Principatti, 260 Pa. 587.

The important fact for the jury to determine was not whether the loans were to run six months or only until the first of September, but whether the defendant acted fraudulently or feloniously in disposing of the goods pawned.

The charge was erroneous as to reasonable doubt: Com. v. Deitrick, 221 Pa. 7; Com. v. Andrews, 234 Pa. 597; Com. v. Duffy, 49 Pa. Superior Ct. 344; Com. v. Bober, 59 Pa. Superior Ct. 573.

*Charles F. Greevy,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, January 5, 1920:

In May and June, 1918, Frank I. Wilson, a pawnbroker in the city of Williamsport, made loans to Genevieve M. Begbie, taking from her several pieces of jewelry as security for the repayment of the sums borrowed. He issued pawn tickets to her, a printed condition in each being that the pledged property should be redeemed within one month from the date of the loan, and that, upon failure to so redeem, the pledgee might regard it as forfeited, with a right in him to sell it; but he admitted on the trial in the court below that he had agreed, at the request of the pledgor at the time the loans were made, that the period for redeeming should not expire until the following September, while she testified that he had agreed to give her six months within which to redeem. In November—within six months from the time the first loan was made—she called upon the appellant, prepared to pay what she owed, and after tendering him the amounts due, demanded return of her jewelry. This demand was refused by the appellant on the ground that he had sold the pledged articles, and thereupon Mrs.

Begbie made complaint against him, charging him with the offense of larceny. On an indictment subsequently found against him, charging him with larceny as bailee, he was found guilty, and from the judgment against him on the verdict he appealed to the Superior Court, a majority of whose members sustained his conviction: Com. v. Wilson, 72 Pa. Superior Ct. 467. An appeal was allowed to this court, that the appellant might be heard on two of the eleven assignments of error filed for him in the Superior Court—the sixth and ninth—which were as follows:

"6. The court erred in charging the jury as follows: Upon the question of time, which, by the way, as the court views this matter, is the important fact for you to determine, the parties do not agree. The prosecutrix testifies that at the time she secured the loan and made the pledges of the necklace and brooch the defendant agreed to give her six months in which to redeem the property pawned. The defendant testifies that the prosecutrix only asked that the goods be held until September 1st, or rather, that she only asked for a loan until September 1st."

"9. The court erred in charging the jury as follows: This defendant is presumed to be innocent, and it is incumbent upon the Commonwealth to prove to your satisfaction and beyond a reasonable doubt that the defendant is guilty. This doubt, however, must be such a doubt as arises out of the evidence. If, in your own business transactions, you would be convinced beyond any doubt of the truthfulness of the statement of the defendant, then that would be such a doubt as should cause you to hesitate to convict, and you must give the defendant the benefit of that doubt and acquit him. If, however, you have no doubt of the defendant's guilt, then not only under your oaths, but your manhood as well, you would be compelled to bring in a verdict of guilty."

The question of the time agreed upon by the parties to the loans for the redemption of the property pledged for

their repayment was not, as the trial judge instructed the jury, "the important fact" for their determination. It was an important one, but the important and controlling fact was the intent with which the appellant had sold the pledged property; but in no part of the charge was this stated to the jury. On the contrary, they were given to understand, from what was said to them in that portion of the charge which is the subject of the sixth assignment, that the guilt or innocence of the appellant depended upon their finding as to the time limit agreed upon by him for the redemption of what he had taken in pawn. If he sold the jewels under an honest belief that the time for their redemption had expired, and had not intended any fraud upon the pledgor, he was not guilty of the offense charged against him, even if, as a matter of fact, he was mistaken in his recollection and the prosecutrix was right as to the time within which she could redeem. This should have been made plain to the jury, for the intent with which the appellant sold the property of the prosecutrix was of the essence of the offense with which he was charged. He had come into lawful possession of it, with an express right given him to sell it if not redeemed within a period of time, as to which he and the pledgor differed. Each may have differed honestly from the other, and the vital question for the jury was the intent of the appellant in selling as bailee. It was the gist of his offense, if he was guilty: Wharton's Criminal Law, 10th ed., sec. 884; Com. v. White, 133 Pa. 182; State v. Barrackmore, 47 Iowa 684; Hamilton et al. v. State, 2 Texas App. 494; Lee v. State, 102 Ga. 221.

Appellant's second ground of complaint also calls for an order awarding a new trial. The jury were correctly instructed that they could not find him guilty unless the Commonwealth had satisfied them beyond a reasonable doubt that he was justly accused; but this was immediately followed by the instruction complained of by the ninth assignment. The appellant was not required to convince the jury "beyond any doubt of the truthful-

ness" of his statement, for no such burden rested upon him. If they were fairly satisfied from his testimony that his version of what had occurred at the time he made the loans was true, their duty was to acquit him, and they should have been clearly so instructed. It rested upon the Commonwealth to present a case against him establishing his guilt beyond a reasonable doubt, and, if it failed to do so, he was entitled to an acquittal. If after its case had been presented and he had told his story, the jury were fairly satisfied that it was true, it cast a doubt upon the case as made out by the Commonwealth, and called for an acquittal.

The judgment of the Superior Court is reversed, as is that of the court below, and a venire facias de novo awarded.