# Slomowitz *v.* Union Insurance Company of Canton, Ltd., Appellant.

*Insurance—Automobile insurance—Theft—Case for jury.*

In an action of assumpsit on a policy insuring an automobile against theft, the case is for the jury where the issue is one of fact as to the manner and circumstances under which the automobile was taken from the garage by a former employee of the insured.

The removal of an automobile at night from a garage without the knowledge or consent of the owner or anyone authorized to permit it, raised a presumption of larceny. Such a presumption may arise from circumstantial evidence, and it is not necessary that there should have been a final conversion of the property. The fraudulent depriving of the owner of the use of a chattel may be evidence of a felonious intent although the property is abandoned by the taker.

Argued March 7, 1927. Appeal No. 20, February T., 1927, by defendant from judgment of C. P. Luzerne County, May T., 1924, No. 887, in the case of Jacob Slomowitz v. Union Insurance Company of Canton, Ltd. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on policy of insurance. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $900 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*John E. Jenkins,* and with him *Mitchell Jenkins,* for appellant.

*M. H. Salsburg,* and with him *Mulford Morris,* for appellee.

OPINION BY HENDERSON, J., April 22, 1927:
The defendant insured an automobile belonging to the plaintiff.   The policy contained a clause covering loss or damage by reason of theft, robbery, or pilferage, excepting by a person in the assured's household, or in his service or employment.   The plaintiff had three cars which he kept in a garage owned by Howell Davis; one of these, a National Roadster covered by the insurance policy, was taken from the garage on a night in November, 1923, by Edward Klein, and driven by him to a remote part of the City of Wilkes-Barre on the mountain side, where the car collided with a post and a wall, as a result of which it was badly damaged.   Klein abandoned the car and, as claimed by the plaintiff, did not notify him or his family of his possession of the car, or of its condition or whereabouts.   It was found that night or the next day by persons living near the place where it was left and was subsequently recovered by the owner.   As stated by the plaintiff Klein had been in his service for about three months as a driver of another car used by the family.   The roadster was used by the plaintiff and generally driven by him.   The evidence in support of the action shows that Klein had been discharged some weeks before the car was taken, and that he had not permission while he was working for the plaintiff,

nor after his discharge, to take the car from the
garage or to use it. The defense was that Klein was
at the time in the service of the plaintiff, and that he
had permission from the latter to take the car from
the garage. He gave an account of his movements
up to the time when the collision occurred. He was
corroborated in part by a man employed by Davis
as a night watchman at the garage who said he had
instructions to permit Klein to take the car. The
court instructed the jury that if they were satisfied
from the preponderance of the evidence that Klein
took the car feloniously and with an intent to convert
it to his own use, the plaintiff was entitled to re-
cover; and that on the other hand, if the owner gave
his consent to Klein to take the car out, the verdict
should be for the defendant. The first inquiry to be
answered was whether Klein was in the employ of
the plaintiff when the car was taken. If so, the action
could not be maintained. If he had been discharged
before the taking of the car, then the jury was in-
structed to ascertain from the evidence and the cir-
cumstances attending the taking whether the intention
of Klein was to take the property for the purpose of
depriving the owner of it and applying it to his own
use. The evidence was reviewed at length and the
attention of the jury directed to the relevant facts
disclosed. The amount claimed by the plaintiff was
the expense to which he was subjected in repairing
the car. The defendant asked for binding instruc-
tions on the ground that there was no evidence of
larceny. There was also contention in regard to the
amount of damage, and the admissibility of evidence
relating thereto. The appellant's position is that evi-
dence of larceny does not exist in the case and that
the court should have so instructed the jury. It is
to be observed that the same degree of evidence is not
necessary in sustaining an action on a contract of this

character which is required in the trial of a criminal case in the Court of Quarter Sessions. In the latter court as is well understood the evidence must satisfy the jury beyond reasonable doubt. Here the burden is on the plaintiff to convince the jury by the preponderance of evidence that there was an intent to steal. It is not necessary that there should have been a final conversion of the property. The fraudulent depriving of the owner of the use of a chattel may be evidence of a felonious intent although the property is abandoned by the taker. In State v. Davis, 38 N. J. Law 176, the defendant was indicted for the larceny of a horse and carriage which he took from the roadside and drove recklessly on the highway for a distance, after which he abandoned the property. In which case it was held that the evidence was sufficient to support a prosecution for larceny at common law. In Brennan v. Commonwealth, 169 Ky. 815, the defendant took possession of an automobile on the street, and with some companions drove it for a distance and abandoned it on the highway. This was held to be evidence of larceny. In Price v. Royal Insurance Co., 204 Pacific Rep. 803 (Washington), it was held that an intent to steal could be inferred where the property was taken and converted for a short time. The question we are considering arose in Weir v. Central National Fire Insurance Co., 189 Northwestern Rep. 794 (Iowa), where it was held that the removal of an automobile at night from a garage without the knowledge or consent of the owner or anyone authorized to permit it, raised a presumption of larceny. That this presumption may arise from circumstantial evidence is well settled: Kansas City Regal Auto Co. v. Old Colony Insurance Company, 174 Southwestern Rep. 153, (Missouri); Miller v. Bond Insurance Co., 247 Pa. 182; State v. Davis, supra. All of the allegations tending to show the permission

of the plaintiff to Klein to use the car were contradicted unequivocally, as were other allegations made by him as to his movements the afternoon preceding the night when the car was taken. As it is admitted that Klein took the car and used it for a time, and there is direct evidence that this was done fraudulently and without the owner's knowledge or consent, the question whether it was done animo furandi was one for consideration by the jury, and the court was not in error in refusing to give binding instructions for the defendant. The jury evidently declined to credit the testimony of Klein and Bloom as to permission to take the car, and this was justifiable if they believed the plaintiff. The explanation of Klein as to his use of the car at the time and his presence and abandonment of it at the place where it was afterward found, was evidently not satisfactory to the jury; it had the appearance of fabrication to relieve him from misconduct.

The objection to the evidence received with respect to the cost of repair of the automobile cannot be sustained. Nor do we regard the other assignments as meritorious. The trial judge carefully reviewed the trial in his opinion on the motion for binding instructions and for a new trial. We are not convinced that error appears in the record which would support a reversal.

The judgment is affirmed.