Seither, Jr. v. Pa. Mfg. Assn. Cas. Ins. Co. et al., Appellants.

Argued October 27, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Thomas Raeburn White* of *White, Parry, Schnader and Maris,* for appellants.

*William C. Ferguson, Jr.,* of *Slocum and Ferguson,* for appellee.

Opinion by Trexler, P. J., March 5, 1932:

On March 1, 1929, plaintiff brought an action of assumpsit to recover from the insurance company, the defendant, on a policy of insurance covering his automobile against certain contingencies, among them, theft, robbery and pilferage. The clause applying to the present contention reads as follows: (Perils Insured Against) "(5) Theft, robbery, or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment whether the theft, robbery or pilferage occur during the hours of such service or employment or not, and excepting also the wrongful conversion or secretion by a mortgagor or vendee in possession under mortgage, conditional sale or lease agreement, and excepting in any case other than in case of total loss of the automobile described herein, the theft, robbery or pilferage of tools and repair equipment."

The plaintiff, on September 15, 1928, placed his automobile in the custody of John Wachter, Palmyra, New Jersey, for the purpose of having certain repairs made. On the following day, Sunday, having completed the job, Wachter went to his brother-in-law's place, took his sister and her invalid child and a neighbor's boy for a ride. As he was rounding a curve and was driving at a fast rate of speed, the car collided with a telegraph pole. The car was severely damaged and the occupants were injured and taken to a hospital where one of the children died a few days afterward. There was some evidence that Wachter was under the influence of liquor at the time.

There was testimony favorable to the defendant, but we are confining ourselves to that produced by the plaintiff. Could the jury find from these facts that there was a theft of the car?

To constitute a theft, there must be the felonious intent to appropriate another's property permanently

and wholly. Permanently of course does not mean any particularly length of time, for a man may steal property and in a short time get rid of it, but there must be an intention to take entire possession of the property and to permanently deprive the owner of possession. The cases are not in harmony in the various states as to what circumstances are covered by the clause of the policy above quoted and the authorities are reviewed at considerable length in the briefs of counsel, but we think it enough for our purpose to refer to our case of Slomowitz v. Un. Ins. Co., Ltd., 90 Pa. Superior Ct. 366, which sufficiently indicates what we think is the law on this subject in Pennsylvania.

In that case the insurer was held liable. The facts were that a car was taken from a garage by Klein, driven to a remote part of the City of Wilkes-Barre, accidently wrecked and abandoned and no notice of the accident given by Klein to the owner. Klein had been in the employ of the owner, but plaintiff asserted, had been discharged. This Klein denied and claimed that he had permission to use the car. Judge HENDERSON, who expressed the view of the court in that case, took occasion to state that if Kline was still in the owner's service, the verdict should be in favor of the insurer. The action of the court was approved in that it instructed the jury that if they were satisfied from the preponderance of the evidence that Kline took the car feloniously and with intent to convert to his own use, the plaintiff was entitled to recover and further stated: "The burden is on the plaintiff to convince the jury by the preponderance of evidence that there was an intent to steal." "The fraudulent depriving of the owners of the use of a chattel may be evidence of a felonious intent, although the property is abandoned by the taker." "The question whether it [the taking of the car] was done animo furandi was one for the consideration of the jury."

Applying the above statements to the present case, the question is whether taking the evidence favorable to the plaintiff, was there sufficient to show that the car was stolen? We have not gone so far in Pennsylvania that any unlawful taking is covered by the word "theft." There must be some element in the case from which there may be an inference that there is a felonious intent. The facts, as already stated above, are very simple. The car was left in the garage for repairs, the work was completed, and the person in whose custody the car was, took it out without the owner's consent; drove it to a relative's house and took some of the family for a ride and negligently wrecked the car. Does this prove theft?

There must be some fact about the transaction for which it may be found that the matter was done animo furandi. We fail to find one.

The sum and substance of the evidence presented by the plaintiff is that Wachter without right took the car to afford his relatives the pleasure of a ride. If there were the least evidence that the purpose was to flee with the car, or to dispose of it, or any act inconsistent with the intention to return it to the garage after the ride was completed, there might be something for the jury to consider, but as the case was presented, we find nothing that should have been submitted to them for their decision.

The judgment is reversed and is here entered in favor of the defendant.