## Gillespie *v.* Export Insurance Co., Appellant.

Argued April 17, 1934.

Before TREXLER, P. J., KELLER, STADTFELD, PARKER and JAMES, JJ.

*Samuel G. Wagner,* and with him *Leo A. Nunnink,* of *Meyer & Nunnink,* and *E. D. Brown,* for appellant.

*J. C. Glassburn,* and with him *T. A. Waggoner, Jr.,* for appellee.

OPINION BY TREXLER, P. J., October 3, 1934:

This is a suit on an insurance policy covering an automobile. The contract, inter alia, insures against direct loss or damage by theft. In order to recover the plaintiff, Gillespie, was required to prove that the automobile had been stolen. The jury found in his favor. The appellant claims that plaintiff failed to make out his case. The material facts are as follows:

Gillespie and others were together at a house where a "spaghetti" party had been held earlier in the evening. His automobile was parked in front of the house, and later Fabery, who was a late comer at the festivities, parked his car in front of the plaintiff's. Plaintiff was about to take two of the guests home, a Mr. Bieshada and a Miss Holliday, who were seated in his machine. The plaintiff for some reason went back into the house. Fabery then leaving his own car in place, his "girl friend" being seated in it, got into the car of the plaintiff and at the time the following conversation took place as related by Bieshada, who was called as *plaintiff's* witness. We omit the questions. "He [Fabery] asked me if I could drive the car and I told him no. I told him I wanted to get home. He says, where do you live at? I says, Connellsville. Well, he says, I will jump in and take you home." Further on cross-examination. "He said he would take me home—drive the car and bring it back without Gillespie knowing it." They then left. After dropping Bieshada at his destination instead of taking Miss Holliday home as she requested he told her he was going back to Morrell where the supper had been held. On the way back the damages ensued for which recovery is sought. His companion, Miss Holliday, was taken to a hospital. Afterwards Fabery came back and got the young girl who was with him at first when he came to the party, and left with her. There is some reference in the charge of the court that when Fabery returned he told Baritell, at whose house the above supper had been furnished, that the car had been wrecked. It does not appear that there was any conversation between Gillespie and Fabery as to the car. There is testimony as to a quarrel between the parties about one-half hour prior to the departure of Fabery, but nothing occurred that would throw any light on his subsequent actions. The lower court in

overruling the motion for a new trial and judgment n. o. v., stated that the case was ruled by that of Slomowitz v. Union Insurance Co., Ltd., 90 Pa. Superior Ct. 366. That case differs in essential elements from the present. There Kline having been discharged by the owner of the car sometime previously took the car from a garage where it was kept, without permission and without any one being with him, to a remote part of the City of Wilkes-Barre, on the mountain side, where the car collided with a post and wall and was badly damaged. We held that these facts were sufficient to allow a submission to a jury. In the present case there is absolutely no evidence of a felonious intent. Referring to the conversation which took place, as set out above, evidently all the testimony produced shows that there was an intention to return to the place and the taking of the car was merely for a short time without any idea of permanently depriving the plaintiff of the ownership of it. The case of Seither, Jr. v. Penna. Man'f. Co., 104 Pa. Superior Ct. 260, 159 A. 53, resembles more closely this. There the plaintiff placed his automobile in the custody of Wachter for the purpose of having certain repairs made. On the following Sunday Wachter having completed the job went to his brother-in-law's home and took his sister, an invalid child and a neighbor's boy for a ride. The car collided into a telegraph pole, was severely damaged and one of the children died by reason of the accident. We there took occasion to discuss the matter and referred to the case of Slomowitz v. Union Ins. Co., Ltd., supra. We need not repeat what was said. The burden was on the plaintiff to convince the jury by the preponderance of evidence that there was an intent to steal. In the present case there is not only the absence of the preponderance of evidence that there was an intent to steal, but there is none at all. The substance of the testimony before us is that

Fabery in the commission of a prank, or perhaps through some other motive, wrongfully took the car, but the uncontradicted proof is that when he did so, he intended to return it to the owner, and was on his way in carrying out that purpose when the accident occurred.

The judgment is reversed and is here entered for the defendant.