Thomas, Appellant, *v.* Kessler et al.

Argued January 9, 1939. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*T. D. Wade,* with him *John N. Guss,* for appellant.

*Thomas J. Mullaney,* with him *Paul K. Guthrie,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1939:

This is an action to recover damages for a malicious prosecution. The trial judge entered a compulsory nonsuit, which the court in banc refused to take off on the ground that probable cause for the prosecution appeared in plaintiff's case. From this refusal she appeals. We think it not necessary to restate the law pertaining to actions of malicious prosecution, which we announced in several comparatively recent cases,* because plaintiff did not commit the crime with which she was charged, as the facts on the record clearly show.

Defendant, Kessler, is the president of the Daily Local News Company, a corporation publishing a newspaper in the Borough of West Chester. Plaintiff is the beneficiary of a trust created by her grandfather, as is her mother. The trust's principal asset apparently is stock in the Daily Local News Company. On plaintiff's and her mother's petition, Kessler had been substituted for another as trustee under the trust, and this led to his becoming president of the publishing company. He is the uncle by marriage of plaintiff and brother-in-law of her mother.

The two women had been accustomed to go to the office of the company and obtain stationery. This practice they indulged in doubtless because they believed that by reason of their interest in the trust, they had some rights in the property of the company. They went to the company's office on the day in question, openly,

---

* *Altman v. Standard Refrigerator Co., Inc.,* 315 Pa. 465, 173 A. 411; *Groda v. American Stores Co.,* 315 Pa. 484, 173 A. 419; *Payne v. East Liberty Spear Co.,* 323 Pa. 100, 185 A. 853; *Stinson v. Smith,* 329 Pa. 177, 196 A. 843.

in daylight, with employees of the concern present, and asked for some stationery. The clerk to whom they made the request told them Kessler did not want plaintiff to take anything or get anything at the newspaper office. Plaintiff said, if she could not have any stationery, she would take some. She opened the drawers of a desk, but did not find any. Her mother then went to a desk, opened a drawer, took out a dozen sheets of writing paper and three envelopes and handed them to plaintiff. The two women then left the office.

Based on these facts, Kessler the next day went before a justice of the peace at the latter's office in Downingtown, nine miles from West Chester, and swore out the warrant, charging plaintiff with the larceny of stationery. She subsequently appeared before the justice, waived a hearing and was bound over to court. When an indictment was presented to the grand jury charging her with larceny and receiving stolen goods, that body ignored the bill and placed the costs on the prosecutor.

Larceny is "the felonious taking and carrying away of the personal goods of another": 4 Blackstone 230. "Larceny may be defined to be the fraudulent taking and carrying away of a thing without claim of right, with the intention of converting it to a use other than that of the owner, without his consent": 2 Wharton's Criminal Law, Sec. 1097. When the facts and surrounding circumstances above outlined are considered, it is obvious that no larceny was committed, that there was no felonious intent in plaintiff's mind, that she was not stealing the few sheets of paper, and that she took it because she thought, mistakenly perhaps, that she had the right to. It has been repeatedly held that when one takes property under a claim of right, even though mistaken, larceny is not committed: *Com. v. Wilson*, 266 Pa. 236, 109 A. 913; *Com. v. Swayne*, 1 Pa. Superior Ct. 547; 2 Wharton's Criminal Law, Sec. 1123. To cause appellant's arrest and subsequent prosecution, under the facts here shown, gave her a well founded right of ac-

tion for malicious prosecution and the court erred in refusing to submit her cause to the jury: Restatement, Torts, Section 662, Comment (j).

Order reversed and a new trial awarded.