Hilliard Lumber Company, Appellant, *v.* Harleysville Mutual Casualty Company.

Argued November 11, 1953.  Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*James E. Marshall,* with him *Marshall, Marshall & McNamee,* for appellant.

*Luther C. Braham,* with him *Darrell L. Gregg* and *Galbreath, Braham & Gregg,* for appellee.

OPINION BY HIRT, J., March 16, 1954:

Plaintiff's Chevrolet Pick-up Truck was insured by the defendants in a combination automobile policy. Within the coverage the defendants agreed "to pay for

loss of or damage to the automobile, . . . caused by theft, larceny, robbery or pilferage." In the early evening of October 30, 1948, Bernard Bruner with the permission of the plaintiff, his employer, drove the truck to his home at Lowrys Beach, 17 miles north of Butler. The intention was that he would keep the truck there over night and drive it to his work the following morning. Later in the evening it was noted that the truck was missing. It had been taken by Bruner's adult son without the consent of his father or of the plaintiff. The son wrecked the truck in a collision with another automobile while driving it on a highway in the direction of Chicora northeast of Butler at a point about 25 miles from his father's home. In this action it was agreed that the plaintiff suffered a loss of $1,050, in addition to the amount recovered as salvage on sale of the wrecked truck, and the jury found for plaintiff in that amount. The court however set the verdict aside and entered judgment for the defendant n.o.v. The judgment will be reversed.

The language of the coverage of the policy, with which we are concerned, does not present any difficulty. By theft is meant larceny in its common law sense. Neither robbery nor pilferage is involved. At common law, larceny consists in the taking and carrying away of the personal property of another with the mind of a thief, that is, with the specific intent to deprive the owner permanently of his property. Cf. Burdick, Law of Crime, §497. The sole question here is whether the circumstances are sufficient to raise an inference of larceny bearing in mind that the degree of proof required in an action on contract where larceny is the issue is not the same as in a criminal case in the quarter sessions.

The present case has much in common with *Slomowitz v. Un. Ins. Co. Ltd.*, 90 Pa. Superior Ct. 366, in

which recovery by a plaintiff was affirmed under similar circumstances and an identical provision in an insurance contract. In that case an automobile was taken by one Klein, a former employe of the owner without his consent. While the defendant was driving the car he wrecked it on a remote mountain road in the City of Wilkes-Barre, and of necessity the car was abandoned on the highway. In that case the Court instructed the jury that if they were satisfied from the preponderance of the evidence that Klein took the car feloniously and with intent to convert it to his own use, the plaintiff was entitled to recover. The defendant's position was that the evidence was insufficient to prove larceny and that the lower court should have so instructed the jury. In disposing of the appeal in this court Judge HENDERSON in referring to the element of the intent to deprive an owner permanently of his property, said: "Here the burden is on the plaintiff to convince the jury by the preponderance of evidence that there was an intent to steal. It is not necessary that there should have been a final conversion of the property. The fraudulent depriving of the owner of the use of a chattel may be evidence of a felonious intent although the property is abandoned by the taker." In that case, in the light of the direct evidence charging Klein with a fraudulent taking, we held: ". . . the question whether it was done *animo furandi* was one for consideration by the jury, and the court was not in error in refusing to give binding instructions for the defendant."

To constitute theft under the coverage of an insurance policy such as this it is generally held that there must be a criminal intent *permanently* to deprive an owner of his property. The lack of unanimity in the decisions arises for the most part from a difference of judicial opinion as to what evidence is essential to the

proof of that intent. The cases are collected in 89 A.L.R. 465; 133 A.L.R. 920; 152 A.L.R. 1100 and in 5 Appleman Ins. L. & P. §§3210, 3211.

*Seither, Jr. v. Pa. Mfg. A. C. Ins.*, 104 Pa. Superior Ct. 260, 159 A. 53, on which defendant relies, does not rule the present appeal. In that case the owner left the car in a garage for repairs. When the work was completed John Wachter, the mechanic who had custody of the automobile for that purpose only, took some of his relatives for a ride and wrecked the car. The principle of *Slomowitz v. Un. Ins. Co. Ltd.*, supra, was adhered to and restated thus: "To constitute a theft, there must be the felonious intent to appropriate another's property permanently and wholly. Permanently of course does not mean any particular length of time, for a man may steal property and in a short time get rid of it, but there must be an intention to take entire possession of the property and to permanently deprive the owner of possession." And from an analysis of the proofs in that case, Judge TREXLER said: "The sum and substance of the evidence presented by the plaintiff is that Wachter without right took the car to afford his relatives the pleasure of a ride. If there were the least evidence that the purpose was to flee with the car, or to dispose of it, or any act inconsistent with the intention to return it to the garage after the ride was completed, there might be something for the jury to consider, but as the case was presented, we find nothing that should have been submitted to them for their decision." The testimony established unauthorized use but not larceny. So also in *Gillespie v. Export Ins. Co.*, 114 Pa. Superior Ct. 398, 174 A. 602 where the automobile was wrongfully taken but was being returned to the owner when it was damaged there was not the slightest evidence of felonious intent in the taking.

Circumstantial evidence alone may convict one of larceny in a criminal court and we cannot exact a higher degree of proof in a civil case charging an insurer with liability for the loss. Cf. *Miller v. Massachusetts B. & I. Co.*, 247 Pa. 182, 93 A. 320. There is no direct evidence of the intent in taking the truck by Bruner's son in the present case and no competent testimony as to his intended destination when he was stopped by the collision on the highway. But there is an additional consideration for the jury not present in the *Seither* case. About 8 p.m. when Bruner discovered that the truck was gone he immediately sensed that his son had taken it and he called the State Police. When asked his purpose in calling them he said: "Well I got worried about the truck and found the truck was gone and the boy was gone and naturally I wanted to find out before he got into any trouble to get the truck back if I could." The son was no mere boy; he was 26 years old and he did not live with his father in a family relationship. This testimony may be of some significance bearing on the question of a felonious taking especially since the son did not appear as a witness on the trial of this case to deny the charge.

In reversing the judgment we may not reinstate the verdict for the case was not submitted to the jury on the issue of theft of the automobile. A new trial however is indicated in the interest of justice.

Judgment reversed with a venire.