Commonwealth *v.* Coplin, Appellant.

Argued September 18, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Drew Salaman,* Assistant Defender, with him *Jonathan Miller* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*David Richman,* Assistant District Attorney, with him *James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 11, 1973:

The six Judges who heard this appeal being equally divided, the order and the judgment of sentence are affirmed.

---

OPINION IN SUPPORT OF REVERSAL BY SPAETH, J.:

Appellant was convicted of larceny in the Municipal Court of Philadelphia County. His petition to the Court of Common Pleas for a writ of certiorari was denied. This appeal followed after leave was given to proceed nunc pro tunc.

The only witness at appellant's trial was Officer Thomas Galonsky of the Philadelphia Police Department. On December 19, 1972, Officer Galonsky was working a plainsclothes detail with a partner, Officer Gerald Sweirczynski, in the vicinity of Wakefield and Ashmead Streets. Appellant walked up to Officer Ga-

lonsky, who was standing on the corner alone, and asked if he wanted to buy some marijuana. The officer replied that he did not, but that he would like to buy some heroin. Appellant indicated that he had some heroin, and that his price was $8 per bag. The officer went into a nearby taproom, got his money, came out and handed appellant $16. Just then, appellant looked up and saw Officer Sweirczynski, who apparently "thought the transaction had been completed," coming down the street. Thereupon appellant fled, taking the $16 with him. The officers never learned whether appellant had in fact had any heroin.

At the time of appellant's arrest and trial (which were before the effective date of the new Crimes Code, 18 Pa. C.S. §101 et seq. (1973)), larceny was defined as the taking and carrying away of the goods of another by trespass, i.e., without consent, with an intent to deprive the owner of the goods permanently. *Thomas v. Kessler*, 334 Pa. 7, 5 A. 2d 187 (1939); *Commonwealth v. Nace*, 222 Pa. Superior Ct. 329, 295 A. 2d 87 (1972); *Hilliard Lumber Co. v. Harleysville Co.*, 175 Pa. Superior Ct. 94, 103 A. 2d 436 (1954). Appellant contends that the Commonwealth failed to show that he got the $16 by trespass. The Commonwealth, in reply, concedes that Officer Galonsky voluntarily gave appellant the $16, but it argues that appellant induced the officer to part with the money by fraudulently representing that he would in exchange give the officer two bags of heroin, and that this fraud vitiated the consent.

"The taking of personal property from the possession of another against his will or without his consent is essential to larceny; otherwise the trespass essential to larceny is lacking. When the owner or his authorized agent consents to the taking, there is no larceny." 2 Anderson, Wharton's Criminal Law and Procedure, §474 at 117-18 (1957). "When a person by

trick or fraud obtains possession of property intending at the time of obtaining the property to convert it, the fraud is the equivalent of a [trespassory] taking, and the offense is larceny." *Id.* §477, at 122. *See also Commonwealth v. Quinn,* 144 Pa. Superior Ct. 400, 19 A. 2d 526 (1941; *Neel v. State,* 454 P. 2d 241 (Wyo. 1969).

It cannot be found that appellant "tricked" the officer unless there is evidence that at the time he negotiated the sale and received the money he intended to deprive the officer of the money permanently. It is possible to regard the evidence as showing that this was appellant's intention. However, it is equally possible to regard the evidence as showing that appellant intended to go through with the sale and that he ran off with the money only because he saw Officer Sweirczynski approaching to effect an arrest. *See State v. Boisvert,* 236 A. 2d 419 (Me. 1967) (no larceny where gun was taken from police officer in self-defense) ; 2 Anderson *supra* §458, at 93-94. It follows that the charge of larceny was not made out. *Commonwealth v. Rhome,* 222 Pa. Superior Ct. 4, 292 A. 2d 437 (1972) (where facts are consistent with two different intentions, neither is established beyond a reasonable doubt).

The conviction should be reversed.

JACOBS and HOFFMAN, JJ., join in this opinion.