## Commonwealth v. Wilson

*Wayne Punshon, Assistant District Attorney,* for Commonwealth.
*Robert Tarmon,* for defendant.

DOWLING, *J.,* March 23, 1978—This little scenario could be titled "A pusher's broken promise does not necessarily make him a thief," or "Who can you trust in the drug market these days?"

A state narcotic agent, posing as a drug dealer, encountered Alonzo Wilson on the streets of Harrisburg. A discussion ensued and defendant agreed to supply the officer with heroin for a price of $375. The cash was counted out and handed to Alonzo who thereupon departed the scene, leaving the agent holding the bag instead of the promised bundle.[1] Having never delivered the drugs, nor returned the money, Wilson was subsequently arrested as a thief rather than a pusher.

While the information charged a violation of section 3921,[2] much of the discussion at trial centered around section 3922[3] of the Crimes Code. The code now authorizes introduction of evidence to support

---

1. Whether Sharpe and Wilson ever renewed their acquaintance after this brief initial meeting is not clear from the record. On direct examination, Officer Sharpe testified that he met Wilson at the Bus Stop Restaurant and "received no decision or anything for the money or the drugs." (N.T. 4.) However, when cross-examined, Sharpe appeared to have admitted that he had not actually met Wilson after giving him the $375 but had merely seen him, attempted to follow him, and lost him. (N.T. 7.)

2. Theft by Unlawful Taking, Act of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3921.

3. Theft by Deception, 18 C.P.S.A. §3922.

conviction under any of the sections designated in the theft chapter "notwithstanding the specification of a different manner [of theft] in the complaint or indictment." 18 C.P.S.A. §3902. In the present case, evidence was offered without regard for the section being invoked.

At the close of the prosecution's case, the defense demurred, contending that the evidence was insufficient as a matter of law to support conviction under either section. Having originally overruled the demurrer and having found defendant guilty, we are now asked to reconsider on a motion in arrest of judgment. We have done so and agree that the conviction cannot stand.

Section 3921 of the Crimes Code provides: "Theft by unlawful taking or disposition (a). Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof."

Ordinary language interpretation of the phrase "unlawfully takes, or exercises unlawful control over" rules out the application of this section at the outset. Wilson cannot properly be said to have taken the $375 since Officer Sharpe handed the money over, fully acquiescing to the transfer. Indeed, a logical inference is that the funds changed hands primarily at the officer's initiative.

The crime of larceny has always included a requirement that property be taken from another without the other's consent. Com. v. Coplin, 226 Pa. Superior Ct. 146, 313 A. 2d 349 (1973), dealt with a situation very similar to the present one. An undercover agent had just handed defendant $16 for the purchase of heroin when the approach of a second officer caused defendant to depart hastily. The court there observed: "The taking of personal

property from the possession of another against his will or without his consent is essential to larceny . . . When the owner . . . consents to the taking, there is no larceny." Id. at 148. While the Coplin case was decided under the old penal code which relied on the common law definition of larceny, at least one commentator has noted a correlation between section 3921 and the old larceny section of the penal code. See Jarvis, Pennsylvania Crimes Code and Criminal Law. It is highly unlikely in any case that the legislature meant to expand the law of larceny to include consensual transactions under section 3921. Had they intended to do so, the change surely would have appeared in the express wording of the statute.

Both the putatively applicable sections of the code require that mens rea be proved. A principal defect in the prosecution's case lies in lack of evidence tending to establish that element. Section 3921 requires that the actor unlawfully take the property of another "with intent to deprive him thereof." That intent must be present at the time of taking: Com. v. Wilson, 266 Pa. 236, 109 Atl. 913 (1920). The record reveals barely a suggestion of such intent. All that appears is that Wilson received the money for the purpose of purchasing heroin and never returned it. Any attempt by the court to divine when Wilson formulated an intent to misappropriate the $375, if in fact he did so at all, would require the services of a psychic.

Section 3922 contains a more specific mens rea requirement along with a specific exception:

"Theft by deception
"(a) Offense defined.—A person is guilty of theft if he intentionally obtains or withholds property of

another by deception. A person deceives if he intentionally:

"(1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; *but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.*" (Emphasis supplied.)

Com. v. Gallo, 473 Pa. 186, 373 A. 2d 1109 (1977), is instructive. There appellant received $1,750 pursuant to the terms of a business agreement according to which he was to produce advertising brochures within a specified time. Following appellant's failure to perform his part of the bargain, criminal charges were filed against him alleging a violation of section 3922. Our Supreme Court reversed appellant's conviction, observing at 191 that:

"If appellant's conviction for theft by deception is to be sustained, it must be because appellant never intended to perform his part of the contract, i.e., supplying the brochures . . . The statute specifically states that 'deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise.' 18 C.P.S.A., §3922(a)(1). Our review of the record fails to show any evidence as to appellant's intention except his failure to perform. This alone is insufficient."

Similarly, in the case at bar, there was really no evidence other than the fact of non-performance, i.e., non-delivery of the heroin, to establish that defendant did not intend to fulfill his promise at the time he received the funds. More details of the orig-

inal transaction between Sharpe and Wilson are needed. Absence of such evidence, despite the absence of either the heroin or the money, mandates an absence of provable guilt.

In accordance with the above, we make the following

## ORDER

And now, March 23, 1978, defendant's motion in arrest of judgment is sustained and he is discharged.

