# Commonwealth *v.* Tilly, Appellant.

*Criminal law—Public officers—Embezzlement—Guilty knowledge.*

On the trial of a public officer for wrongfully appropriating public funds for services in a particular year, it may be shown that in the previous year he had received a similar sum, but had returned a part of it before he received his compensation for the second year.

*Criminal law—Attempt to influence juror—Examination of juror during trial.*

Where during the trial of a criminal cause an alleged attempt to influence one of the jurors is brought to the attention of the court, the trial judge may interrupt the course of the trial and examine the juror, and if he is satisfied that no harm has been done, proceed with the case.

*Criminal law—Conspiracy—Evidence.*

Confederation and unlawful design are essential to the offense of conspiracy, which necessarily implies a united design for an unlawful object. It is, of course, not necessary that the commonwealth prove an express confederation. Generally this is impracticable, and the case may be made out by such evidence as satisfactorily leads to the conclusion that an unlawful combination existed, but the evidence must logically tend to such a conclusion.

Where certain members of a school board are guilty of conspiracy, other members of the board cannot be convicted of the same offense merely because they were members of the board. It must be shown affirmatively that such members participated with the others in the criminal confederation.

Argued Dec. 10, 1906. Appeal, No. 18, Jan. T., 1906, by defendant, from judgment of Q. S. Luzerne Co., Jan. T., 1906, No. 68, on verdict of guilty in case of Commonwealth v. John W. Tilly et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for conspiracy. Before HALSEY, J.

At the trial John Higgins, one of the defendants, was asked

36    COMMONWEALTH *v.* .TILLY, Appellant.

Statement of Facts—Opinion of the Court. [33 Pa. Superior Ct.

under objection and exception whether he did not return to the township $120 of the $200 which he had received in 1904. [2] The court refused to charge that there could be no conviction of Daniel Finnegan or James Devenney. [3]

Verdict of guilty against all of the defendants, upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were (1) refusing to quash the indictment; (2) ruling on evidence, quoting the bill of exceptions; (3) above instructions ; (4) in refusing to withdraw a juror and continue the case.

*John T. Lenahan*, with him *Thomas W. Hart* and *Michael H. McAniff,* for appellants.—The mere knowledge, acquiescence or approval of the act without co-operation or agreement to co-operate is not enough to constitute one a party to a conspiracy: U. S. v. Newton, 52 Fed. Repr. 275 ; Com. v. Zuern, 16 Pa. Superior Ct. 588.

*John D. Farnham* and *B. R. Jones*, district attorney, for appellee.

OPINION BY HENDERSON, J., February 25, 1907 :

The first assignment of error raises the same questions considered in Commonwealth v. Hughes, post, p. 90, in which an opinion was this day filed. We held that the court properly overruled the motion to quash the indictment, and for the reasons there given the first assignment of error is overruled.

. The witness, Higgins, was one of the defendants, and was called to testify in his own behalf. He was indicted for conspiring with the other defendants to cheat and defraud the school district of Hanover township. One of the charges was that he fraudulently presented and collected a bill of $200 for services as county auditor for the year 1905. It appeared on his examination that he had received a similar amount for similar services for the year 1904. The court permitted the district attorney to ask the witness whether he did not return to the township $120 of the amount received by him for the year 1904 ; this for the purpose of showing guilty knowledge. The

evidence was admissible for that purpose. He had testified that his services for 1904 were similar to those performed in 1905. It would be a reasonable inference that if he returned the amount alleged he knew that the sum charged was in excess of that to which he was entitled. It is not an objection to the question that the money may have been returned after he received his payment for the services of 1905. The witness could easily explain, if the fact were so, that he did not make the repayment until after he had received his compensation for 1905. The fact of the repayment would have little weight on the question of guilty knowledge if it was made after he had received his compensation for the second year, but the witness knew when such repayment was made, and could have shown that it was only made because of advice received after he had been paid for the second year. The witness undertook in his testimony in chief to justify his charge for services. It was pertinent, therefore, to inquire whether he had not returned $120 of the $200 charged for the preceding year because it was illegally taken.

The court acted with propriety in directing an investigation of the alleged attempt to influence one of the jurors. It was due to the orderly administration of justice that inquiry be made on the subject before the case proceeded further. If such an attempt had succeeded a miscarriage of justice might have resulted, and it would have been a useless proceeding on the part of the commonwealth to have continued the trial of the case. No objection was made by the defendants to the examination of the juror, and it does not appear from his testimony that that which occurred had so prejudiced him as to disqualify him. He did not know in whose behalf the solicitation was made, and necessarily had no prejudice against any particular defendant. There is no reason for concluding that the verdict was influenced by the transaction disclosed by the juror. If the disclosure of such an attempt constituted sufficient ground for withdrawing a juror and continuing the cause, the administration of justice might be successfully obstructed, for similar efforts might be made from time to time as succeeding trials occurred.

The third assignment raises the question whether the evidence offered by the commonwealth was sufficient to support

the conviction of Daniel Finnegan and James Devenney. After a careful examination of the evidence we think the defendants' point as to these defendants should have been affirmed. Confederation and unlawful design are essential to the offense charged. Conspiracy necessarily implies a united design for an unlawful object. It is, of course, not necessary that the commonwealth prove an express confederation. Generally this is impracticable, and the case may be made out by such evidence as satisfactorily leads to the conclusion that an unlawful combination existed, but the evidence must logically lead to such a conclusion. We do not discover on the record any evidence tending to show that Finnegan and Devenney had entered into any combination or committed any overt act justifying the verdict against them. The commonwealth relied upon the fact that they were members of the school board; that the board had furnished a statement to the auditors which failed to account for $936.03 of the amount shown by the tax duplicate, and that Finnegan was present in Wilkes-Barre when one of the auditors received his order for compensation from Higgins, another auditor. The statement from the school board to the auditors was not offered in evidence, and we are not informed who made it up. Presumably it was the work of their secretary. It does not appear that Finnegan and Devenney ever saw it or approved of it. It will not do to say that they ought to have seen it and known what it contained, and that they are criminally liable in not having so done. There is no such thing as an inadvertent and negligent conspiracy. There must be intended unity of purpose. Many school directors are unfamiliar with accounts, and must necessarily in trust the preparation of statements to their secretary or members of the board who are competent to make them. When there is no evidence, therefore, except the fact that the defendants were members of the school board to involve them in the crime charged, such evidence does not necessarily or logically lead to the conclusion of guilt. The evidence relating to the presence of Finnegan in Wilkes-Barre has no weight. It does not appear that he was there by appointment, or that he knew what was to take place. He did not participate in anything then done, and the occurrence referred to was long after the act of conspiracy. The jury was evidently led to a verdict of

guilty as to these two defendants because they were members of the school board. The inference of guilt was unwarranted under the evidence and the judgment as to James Devenney and Daniel Finnegan is reversed, and they are discharged without day. As to the other defendants the assignments are overruled and the judgment affirmed, and the record is now remitted for the purpose of execution according to law.