## Commonwealth *v.* Alensky, Appellant.

Argued April 22, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*B. J. Boyle,* with him *Ralph M. Bashore, M. M. Burke* and *J. J. Gallagher,* for appellant.

*L. E. Enterline,* District Attorney, with him *M. J. Ryan,* Assistant District Attorney, for appellee.

OPINION BY PARKER, J., July 18, 1935:

Frank Alensky was indicted for violations of the election laws, one indictment charging him as judge of elections with permitting illegal assistance to voters, and the other with failure to record the names of voters receiving assistance or who were accompanied by another into a voting compartment. The indictments were tried together and he was convicted on the second charge and acquitted on the first. Judgment of sentence having been entered, the defendant appealed to this court charging various trial errors.

The first and second assignments of error complain of the refusal of the trial judge to sustain objections to questions propounded on cross-examination to two of the defendant's witnesses as to whether they had been indicted for violations of the election laws in the same precinct. The proofs of the Commonwealth prior to those questions had tended to show that the defendant was a judge of elections in the first precinct of the first ward of the borough of Shenandoah; that sixty per cent of all the voters in the precinct received assistance without making oath as to their respective disabilities; that various persons accompanied voters into the booths without such affidavits being made; and that the two witnesses for the defendant, one a constable attending the election in his official capacity, had participated in practices contrary to the election laws of the Commonwealth at the same time and place.

It is to be noted that this is not a case of the cross-examination of a witness as to a *collateral* matter for the purpose of affecting his credibility by showing particular instances of misconduct disconnected with the issue being tried, as in Com. v. Williams, 209 Pa. 529, 58 A. 922, or in Berliner v. Schoenberg, 117 Pa. Superior Ct. 254, 178 A. 330. The proofs had, at the time, tended to show that these witnesses were parties to the very acts which formed the basis of the charge against the defendant, offenses committed at the same time in the same precinct. Neither has the Act of March 15, 1911, P. L. 20 (19 PS 711) any relevancy to the matter under consideration, for that act applied exclusively to defendants in criminal prosecutions and the authorities, interpreting that act, cited by appellant have little relevancy.

The questions asked on cross-examination, which were objected to, bore directly upon the participation of the witnesses under examination in the same misconduct as defendant, and it was relevant for the jury to know that they were indicted and under arrest for their part in the same transaction. Such evidence has always been received for the purpose of showing the interest of the witness in the immediate matter. "When the co-indictee testifies for the accused, his situation here also may be considered as tempting him to exonerate the other accused and thus help towards his own freedom": 2 Wigmore on Evidence, §967. While the witnesses and the defendant were not jointly indicted, they were in the same situation with respect to interest as if they had been. "That the witness is or has been under indictment may have several bearings; ...... if it is now pending over a witness for the prosecution or for the accused in a criminal case, it is relevant to show the witness' interest in testifying favorably for that side": 2 Wigmore on Evidence, §949. In the case of U. S. v. Sprague, 282 U. S. 716, 51 S. C. Rep. 220, the

Supreme Court reversed the trial court for refusing to the defendant the right to show on cross-examination that a witness for the Commonwealth was under indictment. Also, see Com. v. Turner, 44 Mass. 19, 25. We are not overlooking the fact that the courts have frequently commented unfavorably on the cross-examination of a witness as to having been arrested or indicted and have indicated that that does not show guilt, but these were not cases where the witness was indicted for matters intimately connected with the offense with which the defendant was charged. We are of the opinion that the questions were proper.

The third assignment of error is to a ruling of the trial court sustaining an objection of the Commonwealth to a question asked of the prosecutor on cross-examination. The prosecutor was called and testified only to the fact that he was county detective and had brought the action in such official capacity on information and belief. Counsel then proposed to ask the witness from whom he received his information. This was competent for the limited purpose of determining who should be charged with the costs in the event of an acquittal. However, the defendant was convicted, the question of costs then passed out of the case, and the defendant was not injured by the ruling.

The fourth assignment of error complains of a remark of the district attorney. That officer, after the case was called, made a request of the trial judge that the jury be confined and in the course of his remarks said: "We have every reason to believe there are certain influences which will attempt to get in touch with these jurors and we feel that the jurors would like to feel that there cannot be any suspicion of any kind of anybody having been in touch with them. We know there are certain influences and efforts being made." There is not any merit in this assignment. See Com. v. Deutsch, 72 Pa. Superior Ct. 298, 317; Com. v. Tilly,

33 Pa. Superior Ct. 35. There was not any evidence here that the rights of the defendant were prejudiced and the trial court did not abuse its discretion in refusing to withdraw a juror.

The fifth and sixth assignments of error complain of the receipt of evidence as to the fact that money was seen to pass between the voters and those rendering illegal assistance and of a part of the charge of the court wherein he referred to the evil of the use of money to influence voters. The rendering of assistance to voters or the failure to record the names of those assisted is not, per se, an evil. Such legislation is, among other things, for the purpose of preventing undue influence upon voters and corruption in elections. When one was charged with permitting illegal assistance to be given, the fact that money passed bore directly upon the charge. It was an item of proof which tended to explain to the jury the transaction and, if established, would be strongly persuasive of the guilt of the defendant. The comments of the trial court in his charge not only were not improper, but were fitting. It was the duty of the court to explain to the jury the purpose of the legislation and suggest the possible bearing which the illegal use of money had upon the question of guilt or innocence of the defendant.

Judgment affirmed, and it is directed that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.