Commonwealth *v.* Quinn, Appellant.

Argued March 10, 1941.

Before Keller, P. J., Cunningham, Stadtfeld, Rhodes and Hirt, JJ.

*Thomas D. McBride,* with him *Mervyn R. Turk,* for appellant.

*Guy G. deFuria,* Assistant District Attorney, with him *Wm. B. McClenachan, Jr.,* District Attorney, for appellee.

Opinion by Stadtfeld, J., April 18, 1941:

Patrick J. Quinn, appellant, was tried, together with one Dominick Litz and one Peter S. Kochan, on some fifty bills of indictment consolidated for trial charging

larceny, fraudulent conversion, blackmail, extortion and conspiracy, and in the case of Kochan, who was a justice of the peace, failure to keep a docket. Not all of these three men were defendants in each indictment, although Quinn and Litz were defendants jointly in most of the indictments charging larceny, fraudulent conversion, blackmail, extortion and conspiracy. At the trial, twenty-one of the indictments were submitted by the trial judge to the jury. Quinn and Litz were found guilty of larceny on a number of these indictments, and Kochan, was found guilty of failure to keep a docket. Kochan was immediately sentenced. Quinn and Litz filed motions for a new trial and in arrest of judgment, which motions were denied by the court in banc, BROOMALL and CRICHTON, JJ., sitting. Sentences were thereupon imposed upon both Quinn and Litz on the indictments at Nos. 446 and 474. These were convictions for larceny. On the other indictments, sentence was suspended. From these sentences, appeals were taken by Quinn but not by Litz. Kochan was a justice of the peace in the Borough of Eddystone, and Quinn and Litz were private detectives, one licensed in Monroe County and one in Philadelphia, but both operating in Delaware County.

In all of the indictments, appellant Quinn was involved, and in most of them Kochan and Litz also were involved.

In the so-called "Sheeley" case (No. 446), Quinn and Litz went into a diner in East Lansdowne and seized several pinball and other machines. They had a "John Doe" warrant issued by Magistrate Kochan. Quinn took the machines away in his automobile. No hearing was ever held in this case. The indictments submitted to the jury in this case charged Quinn and Litz with the larceny of the machines, as well as fraudulent conversion. Verdicts of guilty on the charge of larceny were returned by the jury on this indictment.

In the so-called "Kurtzman" part of the case (No.

474), Quinn and Litz went to a drugstore in Upper Darby with a warrant issued by Kochan. They had a warrant charging "John Doe" with violation of the gambling laws. They took from Kurtzman, a pinball machine, eight boxes of candy and a radio. Kurtzman was notified to appear before Magistrate Kochan, but no hearing was ever held. The pinball machine was found by its owner in another drugstore a few days later. Here, likewise, Quinn and Litz were charged with larceny. The only indictments submitted to the jury in this part of the case charged Quinn and Litz with larceny of the pinball machine, candy and merchandise. The jury returned verdicts of guilty on this indictment. The lower court sentenced Quinn on indictment No. 474, charging larceny of a pinball machine, candy and merchandise from Kurtzman. Quinn has also appealed from this sentence.

In the opinion of the trial judge, the testimony in the several cases is correctly epitomized as follows: "Their method was to select some business place in which punch boards or other paraphernalia intended or possibly used for gambling purposes had been installed, obtain warrant or a search warrant from Kochan, raid the place, and take and keep the boards and machines. In at least one case they acted without a warrant. No hearings or other proceedings were held, Kochan made no entries on his docket, and the parties raided in most cases never recovered their property ...... The theory of the Commonwealth was that the raids were made for the purpose of extortion, or to make profit from the property seized, or to prevent the operation of certain machines and implements in favor of those owned by others. Evidence of these transactions was introduced, involving eight business places. In two of these instances, Quinn acted alone. In the others he and Litz acted together. In one instance they obtained a warrant from a magistrate other than Kochan, but when they failed to appear against the defendant this

magistrate dismissed the case. The goods seized, however, were not returned."

Quinn's car was invariably used to carry away the stuff seized by Quinn and Litz. Quinn had the "John Doe" warrants and appears to have been the leader in practically all the cases.

On each of the two indictments referred to the sentence of the court was the same, but the imprisonment was made consecutive and not concurrent.

The first two assignments of error in both of these appeals urge that the learned trial judge erred in refusing to grant the motion of the appellant for a severance. This motion is rather ambiguous. In form, it is a motion for a severance, but the grounds stated are: "These are different and separate offenses, the same parties are not involved in all of them."

The opinion of the lower court points out that there is a considerable difference between a motion for a severance which seeks separate trials for defendants jointly indicted, and an objection to the consolidation for trial of separate indictments.

The Act of March 31, 1860, P. L. 427, sec. 40, (19 PS §785), provides that in all cases in which two or more persons are jointly indicted for any offense other than felonious homicide, it shall be in the discretion of the court to try them jointly or severally. As has already been pointed out, Quinn was indicted in each of the eight separate parts of this case. In two of these parts, he was the sole defendant, and in the remaining six, he was jointly indicted with the defendant Litz. Also, Quinn, together with Litz and Kochan, were jointly indicted for conspiracy, except in the two cases where Quinn acted alone, and except for the one case where the warrant was obtained from justice of the peace Dupille instead of justice of the peace Kochan. Considering the motion as one requesting a separate trial for Quinn, the trial judge was clearly within his right in refusing to grant a severance. As found by the court

below, the testimony showed a *general course of conduct* pursued by Quinn in conjunction with Litz, and all tending to the same general end. No matters were presented to the jury in which the appellant Quinn was not directly charged and he scarcely could have been harmed by the refusal of the lower court to grant his motion. To have granted his motion would have necessitated two very lengthy trials in which the same evidence would have been presented.

Treating the motion as one objecting to the consolidation of the indictments for the purpose of a single trial, this was entirely a matter in the discretion of the trial judge. In the consolidated cases of *Commonwealth v. McCord* and *Commonwealth v. Waggy*, 116 Pa. Superior Ct. 480, 176 A. 834, the learned opinion by PARKER, J., stated, at p. 486; "The true rule would now appear to be that just as in cases where a defendant is charged in one indictment by separate counts with different offenses, or where one defendant is charged in separate indictments with different offenses, so likewise where two defendants are indicted for the same misdemeanor growing out of the same matters and circumstances so related that the proofs received in one would be competent in the other, even though the defendants demand separate trials, whether either will be prejudiced by a joint trial and they are therefore entitled to a severance is a matter for the trial court to determine in the exercise of a sound discretion, and the appellate courts will not reverse except for a clear abuse of such discretion." See also, *Com. v. Danaleczk et al.*, 85 Pa. Superior Ct. 253; *Com. v. Reilly*, 125 Pa. Superior Ct. 340, 189 A. 768; *Com. v. Valotta*, 279 Pa. 84, 123 A. 681. In the instant case, Quinn was directly charged and involved in each of the transactions which were submitted to the jury. These assignments of error are overruled.

Under the 4th, 11th, 12th and 13th assignments of

error, appellant contends that the evidence is insufficient to sustain a conviction of larceny.

Larceny has been defined by the Supreme Court in the case of *Thomas v. Kessler et al.*, 334 Pa. 7, 5 A. 2d 187, as "the felonious taking and carrying away of the personal goods of another", and as "the fraudulent taking and carrying away of a thing without claim of right, with the intention of converting it to a use other than that of the owner without his consent."

In both the cases from which appellant appeals, he admittedly took and carried away the goods of another and converted them to his own use. One of the pinball machines which he took from one drugstore, turned up in another drugstore, but with the cash box empty. A thorough search for the other machines failed to locate them. What his intent was in taking the machines was a question of fact for the jury. The jury properly found that appellant intended to and did steal them. Some of the matters which the jury must have taken into consideration in reaching this conclusion probably were the following: The warrants were "John Doe" warrants; in every case, it was Quinn who took possession of the machines and carried them away in his automobile; in at least one case, one of the pinball machines seized by Quinn, was found in another drugstore a few days later, but without any money in it, the cash box having been opened; not a single arrest was made in any of these cases, nor was a hearing held in any case, the warrant being used solely to give color to the seizure; no effort was ever made by Quinn to return any of the machines or merchandise, nor to have them condemned as required by law; Quinn's testimony that after a year and a half, he was still waiting for the cases to be legally disposed of, could scarcely be believed by the jury; while Quinn did produce some machines and merchandise at the trial, there was nothing but his unsupported word that these were the same which had been seized from Kurtzman and Sheeley;

when Corporal Verbecken of the State Police was making a search for the machines, Quinn denied knowing anything about them. When we read appellant's testimony on cross-examination, we are not surprised that the jury placed no credence on it, being evasive and contradictory in character.

Using a warrant to facilitate the stealing of another's property is no different from using an artifice or trick. Where by means of any trick or artifice, the owner of property is induced to part with the possession only, still retaining the right of property, the taking by such means amounts to larceny if done animo furandi. *Com. v. Eichelberger,* 119 Pa. 254, 13 A. 422; *Com. v. Helmick,* 119 Pa. Superior Ct. 256, 180 A. 759; *Com. v. Dehle,* 42 Pa. Superior Ct. 300.

This appellant was sentenced on two indictments only. In both cases the evidence showed that he had "John Doe" warrants. To determine his intent in seizing these machines, the jury had the right to consider the other six cases, in several of which he took away machines, candy, dolls, radios, etc., without any warrant at all. The law is clear that where the accused admits the act, but contends it was innocent, other similar offenses may be proved to show a guilty course of conduct and a guilty purpose: *Com. v. Habecker,* 113 Pa. Superior Ct. 335, 173 A. 831; *Com. v. Pugliese,* 44 Pa. Superior Ct. 361. These assignments of error are overruled.

Under the eighth assignment of error, appellant claims that the jury were given conflicting instructions in the court's charge defining larceny. We quote from the charge as follows: "Mr. Quinn and Mr. Litz are charged in various indictments with larceny. In some of these indictments only one of them is a defendant and in others both of them. Larceny is the felonious taking of the personal property of another with the intent to defraud that other of his property. Larceny is none the less larceny because it may have been com-

mitted in the presence of the person whose property is taken. One taking my property from me in my immediate presence may be guilty of a higher crime than larceny, but if he takes it feloniously and carries it away with the intent to defraud me he is guilty of larceny anyhow. You will observe, however, that it must be with the intent to deprive me of the property. And if it is taken for some other purpose then he may be guilty of larceny."

It must be clear that the word "not" was omitted by the stenographer. Counsel for Quinn otherwise surely would have called the matter to the attention of the lower court. Although this appellant was given every opportunity to suggest corrections or additions to the charge, no request for an additional or corrected definition of larceny was made.

However, reading the charge as a whole makes it clear that the jury could not have been misled, since the trial judge continued and said: "Larceny is the taking, the fraudulent taking or the felonious taking, of the thing with intent to deprive the owner of his property. But a person may come into possession of somebody else's property in a legal way and if he, being so in possession of the property in a legal way converts it to his own use or withholds it from the owner so that the owner is deprived of the use thereof which he should have, then, though the defendant could not be guilty of larceny because he received it legally, he may be guilty of fraudulent conversion because after having received it he has deprived the owner of his use of it. ...... Now, to make that clear, if we can: If they are there together acting in concert in taking those things feloniously and intending to deprive the owner of his property, then they both would be guilty of larceny no matter who took the things; but if one of them alone takes it and keeps it and converts it to his own use, or deprives the owner of the use of it, the other cannot be guilty of fraudulent conversion. ...... So

you will remember in the Sommers case that if they took these things intending to vindicate the law only and seized the things only for the purpose of producing them as evidence then, even though they were wrong as to their powers, if they did it honestly they would not be guilty. But if they seized those things and took them away for the purpose of depriving the owner of his property and with that intent alone and not with the intent to bring the proper legal action to vindicate the law then they would be guilty of larceny. ...... Now, if Mr. Quinn was there aiding and abetting Mr. Litz in taking these things for their own purposes, feloniously taking them away to deprive the owner of his property and not for the purpose of vindicating the law, both of them would be guilty. ...... Both Mr. Quinn and Mr. Litz also denied any criminal intention in these seizures, that they were doing it merely to execute the law, and they explained that the hearings were not held either because the defendants did not appear or because they could not get the justice of the peace to conduct the hearings. That was the explanation in practically each one of these cases. Now, you will have to take that and give it full consideration and determine who is telling the truth of the matter or determine what the truth is and whether that is true. Even though they have been delinquent in what they did, if they did not take this stuff for an evil purpose, that is, for an illegal purpose, to convert it to their own use or did convert it to their own use after it was legally taken, if they did not take it for an evil purpose, they could not be guilty of any of these offenses."

We do not believe with these clear definitions and explanations that the jury was misled. This assignment of error is overruled.

Under assignments of error Nos. 9 and 10, appellant claims that the court erred in refusing appellant's first point for charge and in instructing the jury that appellant was not an officer. The lower court instructed the

jury that a licensed detective is not a public officer. The Act of Assembly under which appellant was licensed does not make him a public officer: Act of May 23, 1887, P. L. 173, (22 PS §1 et seq.).

Appellant's first point for charge requested an instruction to the effect that an officer making an arrest pursuant to a legal warrant is presumed to be acting lawfully. Appellant was not a public officer and the point was inapplicable to him. Affirmance of appellant's second and third points was more than favorable or protective of his rights. Quoting: "Second: 'An officer is not only authorized but is required by law to seize gambling paraphernalia which he sees in operation.' That is affirmed. You will remember what we have charged you about public officers. Third: 'If you find that the defendant Patrick J. Quinn believed he was authorized as an officer of the law to seize gambling equipment and that he acted in good faith, you must find him not guilty.' That is affirmed as to larceny. But if he acted in good faith in seizing the property in the first instance but thereafter changed his mind and converted it to his own use, depriving the owner of the right to receive it back, then while he could not be guilty of larceny, he might be guilty of fraudulent conversion."

The 5th, 6th and 7th assignments of error relate to alleged errors in cross-examination of the defendant appellant. Appellant's first objection under these assignments is that he was cross-examined on the requirements of the law as to seized gambling devices. The question was permitted, as it obviously bore directly on the intent with which appellant acted. The second objection relates to the proper custody of property taken in the execution of a warrant. No objection was taken to this part of the cross-examination. Appellant should have taken a timely objection so that if there was any error, it might have been corrected. Irrespec-

tive of this default, we do not consider it of sufficient importance or that it impaired defendant's rights.

Appellant also complains because he was asked whether $160 was paid to return certain of the machines. In *Com. v. Rouchie et al.*, 135 Pa. Superior Ct. 594, 7 A. 2d 102, this court said, at p. 601: "Great latitude is allowed in the cross-examination of a defendant who takes the stand on his own behalf (*Com. v. Delfino*, 259 Pa. 272, 277, 102 A. 949), and it is a general rule that it is not sufficient to constitute reversible error to show that an improper question, in form or substance, has been put to a witness or that irrelevant evidence has been brought to the attention of the jury, but it must be shown that the question asked or the evidence elicited tended to prejudice the defendants' case: *Com. v. Williams*, 41 Pa. Superior Ct. 326, 336." These assignments of error are overruled.

Assignment of error No. 3 relates to the refusal of appellant's motion for the withdrawal of a juror when a witness voluntarily stated that appellant had been arrested with him. The court stated at side bar: "There is no implication in the statement made by the witness that the defendant, Quinn, was arrested at any other time except at the time when he was arrested for the offense for which he is now being tried." The court then addressing the jury said: "Please pay no attention to the statement of this witness that he was arrested along with Mr. Quinn. You are to assume that Mr. Quinn was arrested in this case which is now being tried and in no other." We do not think that the remark was prejudicial, particularly in view of the instruction of the trial judge to disregard it. The assignment of error is overruled.

We have carefully examined the entire record and we feel that the defendant had a fair and impartial trial and that all his rights were carefully safeguarded. We feel that the verdicts were fully justified under the evidence.

The judgments of the court below are affirmed and it is ordered that the defendant appear in the court below at such time as he may be called, and that he be by that court committed until he have complied with the sentences or any part of them which had not been performed at the time the appeal in each case was made a supersedeas.