Commonwealth *v.* Mulroy, Appellant.

Argued November 15, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, HIRT, KENWORTHEY and RENO, JJ. (RHODES, J., absent).

*Jacob Shulgold,* with him *Barney Phillips,* for appellant.

*Jacob E. Kalson,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, for appellee.

OPINION BY KELLER, P. J., March 3, 1944:

Defendant was charged, in one indictment, with (1) pandering and (2) acceptance of bawd money. He was

found guilty as indicted, and was given *one* indeterminate sentence of imprisonment, within the limit fixed by law. Sections 513 and 515 of The Penal Code of 1939, P. L. 872. The girl he was charged with inducing, persuading, etc. to become an inmate of a house of prostitution was one Mary Galloway. The house of prostitution was located at No. 913 Western Avenue, Pittsburgh.

This appeal by him from that sentence raises two main questions:

(1) Whether his motion for a separate trial should have been sustained?

(2) Whether defendant should have been permitted to ask the Commonwealth's witness, Mary Galloway, on cross-examination, if she had been *indicted* with the defendant in a Federal Court for conspiracy to violate the Federal White Slave Traffic Act[1]?

(1) At the same session of court at which the appellant was indicted, true bills were also returned against Beatrice Mello, alleged to be the 'madam' or proprietor of No. 913 Western Avenue, for (1) keeping a house of prostitution and (2) accepting bawd money, and against Helen Welker—an inmate of said house when Mary Galloway was placed there—who was charged with prostitution. As the same testimony needed for the conviction of Mello and Welker would be relevant and material in this appellant's trial, the Commonwealth called the indictments against the three defendants for trial at the same time. This appellant moved the court for a separate trial, which was refused. Verdicts of guilty were returned against all three defendants. Mello and Welker did not appeal.

We have had occasion to consider the consolidation of several indictments for trial in a number of recent cases and have ruled that it is largely a matter within

[1]U. S. Code, Title 18, §397-404.

the sound discretion of the trial court, and where the indictments are closely related, his exercise of discretion will not be reversed unless it is clearly shown that the appellant defendant has been prejudiced or injured thereby.

In *Com. v. Danaleczk et al.*, 85 Pa. Superior Ct. 253, 255, where the five appellants were charged in two indictments with the forcible rape of two girls, and were tried together and convicted, we upheld the conviction and said, speaking through Judge PORTER: "The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced."

In *Com. v. Weiner and Zvon*, 148 Pa. Superior Ct. 577, 583, 25 A. 2d 844, we said, speaking through Judge BALDRIGE: "While the crimes charged were separate offenses, they were closely related, having grown out of the alleged conspiracy. The court followed the usual practice of consolidating the indictments charging offenses committed in consummation of a corrupt agreement: Commonwealth v. Cauffiel, 97 Pa. Superior Ct. 202. The trial judge can best determine whether a number of bills of indictment should be consolidated and the discretion he exercises concerning that matter will not be reversed unless it is made clear to us that the rights of the defendants have been prejudiced thereby: Com. v. Tracey, 137 Pa. Superior Ct. 221, 8 A. 2d 622. See, also, Com. v. Quinn, 144 Pa. Superior Ct. 400, [405], 19 A. 2d 526. The judge was entirely warranted in this instance, where all evidence that was admissible on the crimes charged in the other indictments tended to support the conspiracy charge, in ordering a joint trial."

In *Com. v. McCord et al.*, 116 Pa. Superior Ct. 480,

485, 486, 176 A. 834, Judge PARKER speaking for the court, after a general discussion of the subject, said: "A careful reading of the entire record convinces us that the offenses grew out of the same transactions; that the same evidence was necessary in both cases; and that they were so interrelated that neither case could be made out without using the material evidence in the other case. We have searched the record in vain for evidence of any facts or circumstances from which it might be concluded that either defendant was prejudiced by reason of the consolidation of the cases for trial, and there has not been called to our attention in the arguments any fact showing such prejudice to either of the defendants ...... The true rule would now appear to be that just as in cases where a defendant is charged in one indictment by separate counts with different offenses, or where one defendant is charged in separate indictments with different offenses, so likewise where two defendants are indicted for the same misdemeanor growing out of the same matters and circumstances so related that the proofs received in one would be competent in the other, even though the defendants demand separate trials, whether either will be prejudiced by a joint trial and they are therefore entitled to a severance is a matter for the trial court to determine in the exercise of a sound discretion, and the appellate courts will not reverse except for a clear abuse of such discretion."

Judge PARKER evidently used the word *misdemeanor* in the citation just quoted, not with the intention of limiting the consolidation of indictments for trial to misdemeanors, but because only misdemeanors were involved in that case. This is apparent from the fact that in two of the cases cited in his previous discussion of the matter, (*Com. v. Valotta*, 279 Pa. 84, 123 A. 681, and *Com. v. Danaleczk et al.*, 85 Pa. Superior Ct. 253, where several indictments were tried together, over the

protests of the defendants) the indictments charged felonies—murder in the *Valotta* case[2], rape in the *Danaleczk* case. And both defendants appealed in that case. See also, *Com. v. Tracey*, 137 Pa. Superior Ct. 221, 227, 8 A. 2d 622; *Com. v. Quinn*, 144 Pa. Superior Ct. 400, 405, 19 A. 2d 526; *Com. v. Antico*, 146 Pa. Superior Ct. 293, 311, 22 A. 2d 204.

All of the evidence against the Mello woman and the Welker girl was relevant and material in the trial of this defendant, and most of the evidence in his case was relevant and material against them, especially, the Mello woman. He has no ground of complaint that some of the evidence against him may not have been relevant and material in their cases. They, only, could complain of that, and they have not done so. As the charges against this appellant were felonies, instructions as to costs in the misdemeanor cases were of no moment to him, and he could not be hurt by them.

We are satisfied that this appellant was not injured by the consolidation of the indictments for trial and that the court below was not guilty of abuse of discretion in refusing to order that appellant's case be separately tried.

(2) The court below committed no error in refusing to permit appellant's attorney to ask Mary Galloway, a witness for the Commonwealth, on cross-examination, if she was not under indictment in the Federal Court, along with him, for conspiracy to violate the White Slave Traffic Act.

It is the general rule in this Commonwealth that a witness cannot be asked on cross-examination, by way of attacking his credibility, whether he has not been *arrested or indicted* for some offense unrelated to the

[2] The Criminal Procedure Act of 1860, P. L. 427, does not forbid the consolidation for trial of two or more indictments for murder. It does provide in section 40 that parties charged *jointly* with *felonious homicide* shall have the right to demand separate trials.

case on trial. The matter is fully discussed in *Com. v. Arcurio*, 92 Pa. Superior Ct. 404, 409-415. A witness may be asked whether he has not been *convicted* of a felony, or of a misdemeanor in the nature of crimen falsi or involving such moral turpitude as would be likely to affect his credibility; but we have frequently said that the mere prior *arrest* of a witness on a criminal charge does not affect his credibility: *Com. v. Williams*, 41 Pa. Superior Ct. 326, 341; *Com. v. Keegan*, 70 Pa. Superior Ct. 436, 439. "The modern rule is that the conviction of an infamous crime, i. e., a crime which at common law would have rendered the witness incompetent or of a crime involving great moral turpitude may be proved to impeach the credibility of the witness ...... But ...... the court [should not] permit a question to the witness as to whether he has ever been arrested, incarcerated or indicted. These facts are immaterial, for even innocent persons are arrested and are subject to indictment": Underhill on Criminal Evidence, 3d Edition, §387, p. 556.

Of course, if the witness is under indictment for the same crime, or for a crime growing out of, or closely related to, the very offense for which the defendant is being tried, so as to form a part of the same occurrence or transaction, it is proper for the jury to know it, as bearing on the witness's interest in the immediate matter: *Com. v. Alensky*, 118 Pa. Superior Ct. 106, 109, 179 A. 768. "When the co-indictee testifies for the accused, his situation here also may be considered as tempting him to exonerate the other accused and thus help towards his own freedom": 3 Wigmore on Evidence (3d Ed.) §967. So, too, if the witness, thus under indictment, testifies for the Commonwealth, it may be that his testimony was biased because given under promise or expectation of immunity or leniency from the *officers conducting the prosecution being tried: Alford v. United States*, 282 U. S. 687, 693; 3 Wigmore on Evidence (3d

Ed.) §949; and the jury are entitled to know it. But that is not this case. The indictment concerning which defendant's counsel proposed to cross-question Mary Galloway had nothing to do with the prosecution then being tried; and it was pending in the *Federal* Court, an entirely different jurisdiction, in which the district attorney of Allegheny County was not an officer and could afford the witness no promise or expectancy of immunity or leniency, as respects that indictment, which might lead the witness, to bias her testimony in this case against the defendant, for her own advantage. All the authorities relied upon by appellant on this point are thus distinguishable and are not applicable or controlling here.

Furthermore, as stated by the court below, in its opinion refusing a new trial, the defendant was not, in any event, harmed by the ruling because, "aside from the technical fact of indictment, he was permitted to show all the material facts of the witness's involvement with the United States authorities."

The other matters presented by the appellant as grounds for a new trial require little discussion. There is no merit in either of them.

During the course of the trial it was reported to the trial judge that an anonymous telephone call had been received in the district attorney's office to the effect that a juror in the case had been approached. Thereupon, in the presence of counsel and the court reporter, the judge questioned each juror separately, the inquiry revealing no improper conduct on the part of any one; and, in his charge, the judge cautioned the jury that they were not to be influenced in any way, either for or against the defendant, or for or against the Commonwealth, by reason of the fact that he found, or believed, it necessary to interview them separately; that their answers were satisfactory, and, he believed, frank and truthful; and they were to proceed in their delib-

erations as though those questions had not been asked, and decide the case solely and exclusively on what they heard in the court room. In *Com. v. Deutsch,* 72 Pa. Superior Ct. 298, one of the jurors had been approached by an acquaintance, who expressed his interest in the case and his desire for the defendant's acquittal, and left with the juror a paper, which on being opened later, was found to contain $50 in bills, which the juror returned to him next morning. In that case the trial judge first examined the affected juror separately and then examined them all in the presence of each other.

In this case there was nothing definite affecting any juror—nothing but unconfirmed rumor from an anonymous source, and we think the trial judge's handling of it was, in the circumstances, beyond criticism.

The allegation that the trial judge showed bias against the defendant's counsel is without any substantial basis. When the court has ruled against the admission of certain evidence and counsel has his record made up for a review of that ruling, he should not keep on pressing the offer in other ways and forms; and the court is perfectly justified in telling him so. And the court was within its province in informing defendant's counsel that he had failed to prove on the trial material matters that he had told the jury in his opening address he would prove to their satisfaction.

The assignments of error are overruled. The judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.