## Commonwealth *v.* Gable, Appellant.

Argued April 14, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Louis C. Glasso,* for appellant.

*Samuel Strauss,* and *Albert A. Fiok,* Assistant District Attorneys, with them *James F. Malone, Jr.,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

Michael Gable, appellant, and Dominic Narr were indicted and charged with burglary and receiving stolen goods. Narr entered a plea of guilty and testified for the Commonwealth. Gable was tried, convicted by a jury and now appeals from the dismissal of his motion for a new trial.

Defendants were charged with stealing a safe from the home of Gus Paris at 1219 Sandusky Street, Pittsburgh, on April 8, 1950, at or about 8 o'clock p.m. Narr testified that he and Gable forced the front door of the Paris home, carried the safe through the rear kitchen door, loaded it in the trunk compartment of Gable's automobile and took the safe and deposited it near the railroad tracks of the Baltimore & Ohio Railroad at the Etna ballfield. Police apprehended Gable and Narr in the act of attempting to open the safe at

this place and arrested them while leaning over this unopened but battered safe. Police found a complete set of burglar tools including two sledgehammers, two drift pins, gloves, two flash lights, crow bar, long screw driver and pinch hammer. Both Gable and Narr were searched at the scene and had on their persons fully loaded 38 caliber revolvers.

Appellant's first complaint is that the court below erred in refusing to permit defense counsel on cross-examination of the witness Narr to interrogate him concerning unrelated and independent offenses for which Narr had been indicted but not tried. We find no merit in this contention for reasons hereafter stated.

In *Commonwealth v. Mulroy*, 154 Pa. Superior Ct. 410, 416, 36 A. 2d 337, KELLER, P.J., said: "Of course, if the witness is under indictment for the same crime, or for a crime growing out of, or closely related to, the very offense for which the defendant is being tried, so as to form a part of the same occurrence or transaction, it is proper for the jury to know it, as bearing on the witness's interest in the immediate matter: Com. v. Alensky, 118 Pa. Superior Ct. 106, 109, 179 A. 768. 'When the co-indictee testifies for the accused, his situation here also may be considered as tempting him to exonerate the other accused and thus help towards his own freedom': 3 Wigmore on Evidence (3d. Ed.) §967. So, too, if the witness, thus under indictment, testifies for the Commonwealth, it may be that his testimony was biased because given under promise or expectation of immunity or leniency from the *officers conducting the prosecution being tried*: Alford v. United States, 282 U. S. 687, 693; 3 Wigmore on Evidence (3d Ed.) §949; and the jury are entitled to know it." The reason for the rule as expressed by Judge KELLER is that the jury is entitled to know the nature of the conditions which might reflect bias, prejudice,

expectation of clemency, leniency or offers of immunity from the Commonwealth so that they may, as jurors, properly weigh and evaluate the testimony as it comes from a co-indictee. In the instant case, a reading of the entire record clearly establishes that defense counsel was given wide latitude and abundant opportunity to interrogate the witness Narr to test his veracity. Defense counsel elicited the fact that the witness had been in and out of the penitentiary; that he presently was out on parole; that he had pleaded guilty to burglary the very day he was called as a witness; that he had thus violated his parole. In addition, defense counsel was permitted to elicit the following: "Q. Do you recall, Mr. Narr, how many times you have been convicted of the offense of entering a building? A. Two or three, I would say. Q. Do you recall how many times you have entered a plea to a charge of entering a building? A. Offhand, no. Q. Are you the same Dominic Narr, alias Dominic Nolan that was tried and found guilty on December 18th, 1931 for entering a building? A. No. Q. You are not? A. No sir. Q. Are you the same Dominic Narr who was tried and found guilty on the same date at No. 18 December Sessions 1931, for entering a building? A. I don't recall that one offhand. MR. STRAUSS: If the court please, I object to this method, going down a list. If he has records against this man he certainly has a right to produce those records to impeach him, but he could ask him about a thousand offenses this way. THE COURT: You can produce the records to impeach credibility but I presume the object to his questions is to attack credibility at this time. MR. GLASSO: To establish identity. Q. Mr. Narr, do you know whether or not you were the person tried and found guilty at No. 11 Sessions, 1935 for entering a building using an alias by the name of Don Nolan? A. Yes. Q. And are you the same person who was tried and found guilty at No. 66 September

Sessions 1935 for entry of a building using the names of Dominic Nierdozuski and Don Nolan? MR. STRAUSS: We will stipulate for the record he is. . . . We will offer the F.B.I. record on him, if you like. Q. Mr. Narr, are you the person who pleaded guilty to No. 73 September 1935 to entry to a building under the name of Dominic Nan? A. No, I never used that name. I don't know where they got that. Q. Mr. Narr, were you indicted at No. 44 October Term, Oyer and Terminer, 1950 for burglary and receiving stolen goods? A. I believe . . . Q. I believe, Mr. Narr, you testified on direct examination you pleaded guilty to several offenses of burglary already, is that not correct? A. Yes. Q. Do you recall when those pleas were entered? A. Approximately seven or perhaps eight months ago. THE COURT: The court wants to make clear that no pleas were at or before this court until this morning. This court knows nothing at all about any pleas except those two here today. Q. Now, Mr. Narr, have you been promised any immunity by the District Attorney or the District Attorney's Office for your entering of pleas and testifying against this defendant? A. No, I wasn't. Q. You haven't? A. No. MR. STRAUSS: I presume by that question counsel intends to show that he has been promised some immunity. It carries the inference of impropriety on the part of the District Attorney trying the case or the office. He should be able to substantiate the inference he wishes to create —he has made to the jury. MR. GLASSO: We will, Your Honor. Q. Mr. Narr, do you know why you have not been sentenced on pleas entered by you in other cases some eight months ago? A. No, I don't. Q. And on those pleas that you have entered to burglary, you have not been sentenced to date, is that correct? A. Yes, it is. Q. Mr. Narr, do you recall that sometime during the month of July you wrote Mike Gable a letter? A. Yes, I do. Q. Do you recall asking Mr. Gable in that

letter for help to get bail for you? A. Yes, I do. Q. Do you recall whether or not you told him in that letter that if he didn't get bail for you you would get even with him? A. Perhaps I didn't use the exact words. Q. But that was the general tenor of the letter? A. Yes." Later on, Narr was asked the following questions: "Q. Do you know Charles Miller, Mr. Narr? A. Yes, I do. Q. Did you send a message out to him that if Mr. Gable didn't get you bail you would get even with him? A. Yes, I did. Q. And isn't it true that after that when you didn't get bail and no bail was forthcoming, you did implicate him in other charges, isn't that true? A. I couldn't give you an exact count, a number of them. Q. Do you know if those charges are undisposed of at this time? A. Yes. Q. How many charges are there now both against you that are undisposed of? A. Quite a few."

The record clearly establishes that defense counsel interrogated this witness and was able to portray to the jury precisely the nature of the witness's character so that the jury was under no misapprehension as to possible bias or prejudice or that his testimony may have been given with an expectation of immunity, clemency or leniency. Narr's position was defined with sufficient clearness. Cf. *Kilrow v. Commonwealth*, 89 Pa. 480, 485. Moreover, the jury was properly charged by the trial judge concerning such testimony as follows: "The law looks with disfavor upon the testimony of a person who having himself committed a crime seeks to implicate another. The law does not say that the jury must disregard that testimony. On the contrary the jury has to be admonished to scrutinize it with extraordinary care, to test it for the credibility, and for veracity. A jury must decide whether the person giving such testimony and implicating another would have a motive for doing so or whether he is honestly, freely and voluntarily telling the truth. So

that you must take the testimony of Narr and scrutinize it carefully. Accept it if you are convinced beyond a reasonable doubt it is the truth." The record thus shows that Narr was questioned extensively concerning crimes for which he is presently charged and for which he has not yet been sentenced; that he was also questioned about offers of leniency which might have been made to him. The rule permitting a wide latitude to cross-examine a co-indictee was satisfied and the jury properly instructed concerning the weight and value attributable to such evidence.

Appellant also complains that the court below erred in refusing to permit defense counsel to cross-examine Narr about many undisposed of burglaries where it appeared that on direct examination the witness testified to prior acts of misconduct. We find no merit to this contention for as already indicated wide latitude was afforded defendant and any further examination into other undisposed of matters would serve no better purpose than to introduce useless surplusage into the record and to confuse the minds of the jury with extraneous and collateral matters. As a matter of fact, defense counsel did succeed in getting to the jury the very matter which the court below had earlier refused permission to develop when defense counsel asked the question: "Q. How many charges are there now brought against you that are undisposed of? A. Quite a few." It seems clear, therefore, that the complete picture of Narr as a self-confessed felon and of a man who hoped to benefit himself by testifying for the Commonwealth is adequately developed in the evidence and the jury properly instructed by the trial judge to which no complaint is now made by appellant.

Appellant's final complaint is that a member of the detective bureau of Allegheny County prevented appellant from presenting his only disinterested alibi witness. This is a serious allegation for it accuses

a detective of subverting justice by preventing a witness to testify. We have examined the record with great care and conclude that the record utterly fails to support appellant's position. As already indicated the defense interposed was an alibi and in support thereof appellant's daughter and son-in-law, Mr. and Mrs. William Davis testified on his behalf to the effect that appellant was home with them at the time of the burglary. Appellant's next door neighbor was a man by the name of Benny Cinski. A witness for the appellant testified that he had seen Cinski on the sidewalk in front of the court house during the noon-hour recess on the day the trial was in progress; that a man, later ascertained to be a county detective, approached Cinski and told him to "get out". This is all the record establishes except the salient fact that Cinski was not under subpoena and for all the record shows it does not appear whether Cinski was to be called as a witness. Appellant's argument now appears to be an after-thought. Appellant's brief likewise contains many statements which are outside of the record and without any substantiation in fact. If the testimony of the witness was as important to appellant's proof of alibi as appellant would now have the court believe he should have taken the reasonable precaution of subpoenaing him. Suffice it to say that the record is completely void of any evidence indicating improper conduct on the part of this detective.

Judgments affirmed.