Commonwealth *v.* Ross et ux., Appellants.

Argued December 11, 1967. Before WATKINS, MONT-GOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

*Dennis Eisman,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellants.

*Ivan Michaelson Czap,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:
Judgments of sentence affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

Defendants, Emma and Tony Ross, were charged with assault and battery, aggravated assault and battery, and assault and battery with intent to commit murder, upon Lucius Whitaker on February 4, 1967. After a trial on April 17 and 18, 1967, the jury found defendants guilty on all counts. Motions for new trial and in arrest of judgment were denied. Tony Ross was sentenced to a term of not less than two nor more than five years in the Eastern State Correctional Institution. Emma Ross, however, was sentenced to a maximum sentence of seven years to the State Correctional Institution at Muncy, under the Act of July 25, 1913, P. L. 1311, §15, as amended, 61 P.S. §566.

The Commonwealth's case, was, in great part, based on the testimony of Lucius Whitaker. The lower court summarized this testimony as follows: "Lucius Whitaker testified that he knew the defendants for seven or eight years and was on friendly terms with them. On February 4th he called at their home as he had done many times before. He brought with him a half pint bottle of gin. While he was there he consumed about three-fourths of the contents and was under the influence of liquor but was not intoxicated. Mrs. Ross was cooking some food which she served to her husband. He and Mrs. Ross were in the front room watching television. Tony Ross came out and asked Whitaker who sent him around to kill him. Mrs. Ross then asked him the same question. He had no weapon of any sort when he called at the Ross home. As he started to walk toward the door, he reached the vestibule when Tony Ross attacked him with a knife and cut and stabbed him a number of times in various parts of his body. While he was struggling with Ross he was stabbed in the back by someone else. The only other person in the room was Emma Ross."

At the time of trial, defense counsel was denied the opportunity to demonstrate to the jury that Whitaker himself was then under arrest for allegedly shooting Emma Ross on February 4th. The facts underlying this denial are as follows: Emma Ross had been taken to the Graduate Hospital for treatment of a gunshot wound on her neck, cheek and right shoulder on February 4th after the alleged assault on Whitaker. One and one-half months later, on March 23, 1967, a Detective Vaughn filed a complaint against Lucius Whitaker charging him with having shot Emma Ross on February 4, 1967. Whitaker was arrested on March 30, 1967. On April 7, 1967, he appeared before Magistrate Dennis and was held for court under $800.00 bail.

Tony and Emma Ross were tried on April 17, and 18, 1967. At that time Whitaker was still under arrest but had not yet been indicted. After Whitaker had testified, the lower court refused defense counsel's attempt to elicit the fact that Whitaker himself was under arrest and facing indictment for assault with intent to kill Emma Ross.

The lower court, in its opinion, justifies this denial in the following language. "Since the defendants were the only ones on trial, whether or not Whitaker had also been arrested was totally irrelevant. The only issues in this case were whether the defendants committed the offenses charged and whether they acted in self-defense. The fact that Emma Ross had been wounded was established by the hospital records. No more inference could be taken from the fact that Whitaker was arrested than could be taken from the fact that the defendants were arrested."

In my opinion, the lower court has failed to recognize the crucial relevance of Whitaker's testimony. The Rosses were on trial for attacking Whitaker. Whitaker was under arrest and facing indictment and trial for shooting Emma Ross at exactly the same time and

place. Whitaker's interest in the outcome of the Ross trial, therefore, was clear and immediate for it could bear directly on the outcome of his own case. Our Court in *Commonwealth v. Gable,* 171 Pa. Superior Ct. 468, 470-71, 90 A. 2d 301 (1952), sets forth in a clear and succinct manner the nature and extent of this interest and the need to apprise the jury of it. In that case, Judge GUNTHER reviewed the law and prior decisions as follows:

"In Commonwealth v. Mulroy, 154 Pa. Superior Ct. 410, 416, 36 A. 2d 337, KELLER, P. J., said: 'Of course, if the witness is under indictment for the same crime, or for a crime growing out of, *or closely related to,* the very offense for which the defendant is being tried, so as to form a part of the same occurrence or transaction, it is proper for the jury to know it, as bearing on the witness's interest in the immediate matter: Com. v. Alensky, 118 Pa. Superior Ct. 106, 109, 179 A. 768. "When the co-indictee testifies for the accused, his situation here also may be considered as tempting him to exonerate the other accused and thus help towards his own freedom": 3 Wigmore on Evidence (3d Ed.) §967. So, too, if the witness, thus under indictment, testifies for the Commonwealth, it may be that his testimony was biased because given under promise or expectation of immunity or leniency from the officers conducting the prosecution being tried: Alford v. United States, 282 U.S. 687, 693; 3 Wigmore on Evidence (3d Ed.) §949; and the jury are entitled to know it.' The reason for the rule as expressed by Judge KELLER is that the jury is entitled to know the nature of the conditions which might reflect bias, prejudice, expectation of clemency, leniency or offers of immunity from the Commonwealth so that they may, as jurors, properly weigh and evaluate the testimony as it comes from a co-indictee." [Emphasis added]

Similarly, in this case, the jury was entitled to know of the countercharge against Whitaker, so that it might consider the extent to which his testimony was based on bias, interest or the expectation of leniency or immunity.

The Commonwealth correctly points out that this rule has, in the past, been applied only in cases where the witness himself was already under indictment.

There is no logical or legal reason, however, to distinguish between the prisoner who is under arrest and awaiting presentment and one who has already been indicted. The witness's bias or interest is no less great merely because he has not yet been indicted.

Moreover, as the defense attorney correctly points out, it is the district attorney who decides when to present indictments to the Grand Jury. Emma Ross and Lucius Whitaker were each charged with having committed an unlawful assault upon the other on February 4, 1967. By April 17, 1967, however, Emma Ross was on trial, while Whitaker had not yet been presented to the Grand Jury.

I do not here question the motives or reasons for the delay by the District Attorney's office. It would be a strange rule of evidence, however, which would allow the District Attorney to keep from a jury a critical factor bearing on the witness's credibility merely by delaying his indictment. It is clear to me that a rule of evidence based on the drawing of an arbitrary line at the indictment stage is without foundation and should not be countenanced. To deny this evidence constitutes an even greater injustice in view of the fact that the court stated to the jury: "The defendants of course by necessity are interested parties. You have the right to consider that in determining the credibility of the witness."

In short, the lower court stressed the defendants' interest, but denied the jury the opportunity to know

that the principal witness against them had been arrested one month earlier and was facing indictment for having shot one of them. Thus, it kept from the jury information which could reflect on the credibility of Whitaker's testimony. In my opinion, the suppression of this evidence constituted prejudicial error and requires the granting of a new trial.

In addition, I wish to renew my objection to the special sentence of Emma Ross under the Muncy Act for the reasons set forth in my dissenting opinion in *Commonwealth v. Daniels*, 210 Pa. Superior Ct. 156, 232 A. 2d 247 (1967); allocatur granted.