378 A.2d 1271

**COMMONWEALTH of Pennsylvania**

**v.**

**David WARREN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1976.

Decided Oct. 6, 1977.

Rehearing Denied Nov. 9, 1977.

---

524

Stewart A. Bernstein, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of rape, involuntary deviate sexual intercourse, and robbery. On this appeal he raises five points of error.

## (1)

Appellant contends that the trial court's review of the evidence was biased and prejudicial in two respects: The court did not adequately review inconsistencies in the prosecutrix's three versions of the incident in question (versions given in a statement to a detective, at preliminary hearing, and at trial); and the court's brief reference to the inconsistencies amounted to rehabilitation of the prosecutrix.

■ We note first that counsel for appellant did not take exception to the adequacy of the court's review, but only to the alleged rehabilitation. Therefore we shall discuss only the latter.

The court's reference to the inconsistencies was as follows:

[The prosecutrix] did say at her preliminary hearing she might have made a few mistakes, but she said mentally she is better able to reconstruct the whole thing today than she was 18 days after the incident.

Counsel's exception was that "there was a phrase that there were contradictions and . . . that phrase may imply to the jury that the contradictions were meaningless."

The court's statement cuts both ways. On the one hand, it characterized the prosecutrix's mistakes as "a few." On the other, it at least implied that she thought her memory of the event was better at the time of trial, almost eight months after the event, than at preliminary hearing, eighteen days after. The jury could have taken this as denigration of the prosecutrix's truthfulness or ability to recall, rather than as rehabilitation. Furthermore, the court in-. cluded the introductory words "she did say" and "she said," thereby leaving to the jury the assessment of the weight and

credibility of the prosecutrix's explanation of the inconsistencies.

## (2)

■ Appellant contends that the court should have instructed the jury on proof of guilt by reference to the term "probability." The court's instruction on reasonable doubt comported with an example approved in *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974), and with the instruction proposed in Pennsylvania Standard Jury Instruction—Criminal, at 119–120.

## (3)

■ Appellant attempted to cross-examine a police officer as to a statement made by appellant shortly after arrest, but an objection to this testimony as inadmissible hearsay was sustained. Appellant contends that the statement should have been admitted as a declaration against penal interest, under *Commonwealth v. Nash,* 457 Pa. 296, 324 A.2d 344 (1974).

The officer's version of appellant's out-of-court statement was as follows:

Defendant [appellant], David Warren, twenty, Negro, residence, 3633 North 22nd Street, after being advised of the charges against him and being warned of his rights against self-incrimination (Spic. 75-misc. 32). The defendant stated that he first saw the complainant standing on the corner at 15th Street and Venango. She was attempting to sell some pills. The defendant attempted to get some free pills. At this point, a N.M. known to the defendant as Pop drove up in an old white auto. The defendant and the complainant got into the auto and drove to 17th and Venango where the complainant got out and rang the bell at the corner house, but got no response. Another N.M. known to the defendant as Stinton came up to the complainant and began going through her bag. After this, Pop, the complainant, and the defendant walked to the vacant house at 1617 Venango. Pop and

the complainant went inside, but Warren remained outside and refused to enter it, although invited to do so by the complainant. Warren then walked from the area and went to Broad and Erie where he was picked up by the police. Warren further stated that he would freely submit his undershorts for analysis to prove that he did not rape the complainant.

N.T. (3/27/75) at 65–66.

We need not discuss the interesting question, whether the declaration against penal interest exception to the hearsay rule may be invoked by a defendant to get into evidence his own out-of-court statement, when he chooses not to testify. Here, we cannot see that appellant's declaration was against his penal interest.

■ The term "declaration against penal interest" is not defined in our case law, but we may take as a guide this standard formulation: "A statement which . . . at the time of its making . . . so far tended to subject [the declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true." *See* Federal Rules of Evidence 804(b)(3); Cal.Evid.Code § 1230 (1966). Appellant says that the statement here contained an admission that he purchased narcotics from the complainant. This is plainly not so. Appellant also says that the statement shows that appellant "remained outside [the house where the rape incident occurred] and refused to enter." If anything, this _ex_culpates him.

## (4)

■ The prosecutrix testified that she was dragged along the street a distance of 399 feet before she was raped. Appellant sought permission to "demonstrate" this distance to the jury by marking off 399 feet in the corridor outside the courtroom. The court denied the request, but told the jury the dimensions of the courtroom so that they could

estimate the distance. This ruling was within the trial court's discretion. McCormick on Evidence 536 (2d ed. 1972).

### (5)

■ Appellant was not permitted to cross-examine the prosecutrix about her arrest on the day before trial. Acknowledging the general rule that one may not impeach a witness's credibility by showing a mere arrest, *Commonwealth v. Ross,* 434 Pa. 167, 252 A.2d 661 (1969), appellant attempts to distinguish *Ross,* in two ways.

■ First, appellant argues, the prosecutrix was on probation at the time of her arrest; the arrest "constituted a violation of the witness's probation"; "this violation related to the same offense for which the prosecutrix was initially placed on probation"; and "[s]ince that crime was of the crimen falsi variety, the Defendant's attempt to cross examine her on her arrest . . . was proper." Appellant's Brief at 18. However, a mere arrest does not constitute a violation of probation. *Commonwealth v. Spinozzi,* 236 Pa. Super. 32, 345 A.2d 181 (1975). Thus, whatever the other merits of appellant's argument might be, the argument fails because the premise is invalid. Furthermore, appellant was allowed to cross-examine fully on the witness's probation status and on the underlying conviction.

■ Second, appellant argues that the cross-examination would have been proper as an attempt to show possible bias because the prosecutrix might have been promised leniency in return for her testimony. However, the rule is that such examination is permissible only when a witness is under indictment for the same crime as, or a crime growing out of or closely related to, the offense for which a defendant is being tried. *Commonwealth v. Ross, supra,* 434 Pa. at 170, 252 A.2d at 661. Here the prosecutrix was not under indictment, nor was she even arrested, for the same crime as, or a crime growing out of or closely related to, that for which appellant was being tried.

We note, however, the possibility that a stronger case may persuade us of an exception to the *Ross* rule. The rule seems to stand on two legs: necessity of an *indictment;* and necessity of *same crime.* The first leg is to ensure that there is some substance to the charge as to which leniency has allegedly been promised. *Commonwealth v. Ross, supra,* 434 Pa. at 171, 252 A.2d at 661. In the case of a probationer, it may be that a lesser showing than proof of an indictment would suffice, since the threat of revocation may be executed on the basis of an arrest and "evidence of some facts in addition." *Commonwealth v. Davis,* 234 Pa.Super. 31, 33, 336 A.2d 616, 620 (1975). The second leg of the rule is to ensure that the prosecutor was able to promise leniency. Thus, in *Commonwealth v. Mulroy,* 154 Pa.Super. 410, 36 A.2d 337 (1943), where impeachment was not allowed, it appeared that the indictment against the witness was pending in Federal Court, "an entirely different jurisdiction, in which the district attorney of Allegheny County [where Mulroy was on trial] was not an officer and could afford the witness no promise or expectancy of immunity or leniency, as respects that indictment . . .." *Id.* 154 Pa. Super. at 417, 36 A. at 340. It may be that *Mulroy* should be confined to its facts, and that a defendant should be allowed to show that the prosecutor in his case is able to get cooperation from a fellow prosecutor who is supervising the handling of the witness's arrest and (in a case like the present) possible probation revocation. Here, however, appellant's counsel appears to have made no attempt to ascertain facts that would enable him to make such a showing; by failing to press his point, he essentially acceded to the lower court's imposition of the *Ross* rule. We therefore leave for a later case the question of whether to find an exception to the *Ross* rule, in the meantime particularly noting the discussion of a similar point in *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

Judgment of sentence affirmed.

PRICE and VAN der VOORT, JJ., concur in the result.