# In re Licensed Detectives

*Speicher & Austin* and *Vincent Grant*, for private detectives.

Memorandum of MAYS, P. J., SHANAMAN, J., and HESS, J., June 18, 1947.—On April 9, 1947, a hearing was held before this court at which time all but one of the individuals holding licenses as private detectives by authority of the court appeared and testified con-

cerning their various activities and methods of operation as detectives. The one licensee who was not present was unable to appear because of ill health.

We deem it proper to set forth in this memorandum our observations relative to the testimony of the various licensees. By this pronouncement it is the desire of the court to aid the private detectives to better acquaint themselves with what we believe to be the functions and responsibilities of the offices they hold.

By virtue of the provisions of the Act of May 23, 1887, P. L. 173, the courts of quarter sessions of this Commonwealth are empowered to appoint persons of competence and integrity as private detectives. The act of assembly sets forth in detail the procedure for appointment but has little to say relative to the rights, privileges, duties and obligations of detectives. Section 3 does empower them "to serve warrants in criminal cases within this Commonwealth".

It is well settled that private detectives are not public officers: Commonwealth v. Quinn, 144 Pa. Superior Ct. 400. They are not police officers and have none of the rights possessed by police officers that are not likewise possessed by private citizens of this Commonwealth. The scope of operation of a private detective is well set forth in the definition of "detective" contained in a recognized dictionary as being "a person employed unofficially by individuals for secret investigations, protection, etc.".

Prior to the enactment of the Act of May 23, 1887, supra, anyone could engage in the business of being a private detective for hire without license or restriction. The act in question prohibits such activity from being carried on for "hire or reward" without license.

Appointments are made by this court after the court is satisfied that the individual seeking the appointment is a proper person to exercise the function of a private detective and that there is a necessity for the services that the applicant proposes to offer. Proper

qualifications alone are not sufficient in any case and the necessity for the services proposed to be offered must always be clearly apparent.

The testimony at the hearing indicated that certain of the private detectives engage the services of other persons to assist them in making investigations and protecting property. We here emphasize that licenses issued by this court apply only to the person licensed and to no other individuals. While at times it may be necessary for a private detective to engage someone to assist him, we point out that extreme caution should be used in engaging such assistance. The person assisting does so only as an agent or employe of the detective and is not himself a private detective.

The testimony also indicates that at least one detective is under the mistaken impression that his license authorizes him to carry firearms. Again we point out that in the matter of firearms or other means of self-protection, a licensed detective has no greater rights than any other private citizen for he is in no sense of the word a police officer.

Insofar as wearing uniforms is concerned we are not to be understood as favoring such practice. If, however, the wearing of uniforms is deemed necessary to properly carry out the services proposed to be offered to the public, such uniforms should not in any respect be similar to those worn by any recognized public police force. Badges or insignia similar to that of public policemen should never be worn.

In exercising the function of a private detective the licensees are cautioned that the court expects them to carry on their activities with due regard to the safety and well-being of the public at large. The act of assembly which authorizes the court to appoint detectives likewise, upon cause shown, requires us to consider and determine proceedings instituted by the proper officials or interested parties for the revocation of such licenses.