J-S06024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL PRESSLEY | : | |
| | : | |
| Appellant | : | No. 1615 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 20, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001532-2018

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

DISSENTING MEMORANDUM BY KUNSELMAN, J.:          **FILED MAY 2, 2022**

Because the VOP court relied on a subsequent arrest to impose a sentence of incarceration, I would vacate the sentence and remand for resentencing.  For this reason, I respectfully dissent.

I agree with the majority that Pressley was told at sentencing that he would be required to pay costs.  Therefore, no ***Koger*** violation occurred, and the court was permitted to find a probation violation when Pressley failed to make these payments.

Regarding Pressley's subsequent arrest, I also agree that no ***Koger*** violation occurred.  As our Supreme Court held in Foster, "a court may find a defendant in violation of probation only if the defendant has violated one of the 'specific conditions of probation included in the probation order ***or has committed a new crime***."   ***Commonwealth v. Foster***, 214 A.3d 1240,

1250 (Pa. 2019) (emphasis added). A court does not need to instruct a defendant at sentencing that one of the conditions of probation is to lead a crime free life.

I disagree, however, that Pressley's stipulation to a probation violation **based solely upon an arrest** was sufficient to find that he committed a new crime, and therefore violated his probation. Here, the VOP court believed that such stipulation relieved the Commonwealth of its burden to show that Pressley committed a new crime. It relied on the following dialogue where Pressley stipulated to being arrested.

> Appellant's Counsel: "Do you understand you're here for what's called a **Gagnon II** hearing? At that hearing, the District Attorney has the burden of showing by a preponderance of the evidence, which means more likely than not, that you violated your probation. Do you understand that?"
>
> Appellant: "Yes."
>
> Appellant's Counsel: "You understand that by stipulating or agreeing to your violation you're relieving the Commonwealth of their burden of proof. Do you understand that?"
>
> Appellant: "Yes."
>
> Appellant's Counsel: "And, basically, you have [two] violations you're going to be stipulating to: Number one and number three, **number one being your arrest in Philadelphia** and number three being your failure to pay fines and costs. Do you understand?"
>
> Appellant: "Yes."

VOP Court Opinion, 9/22/21 at 2-3 (unnumbered).

This Court has long held, that a mere arrest does not constitute the "commission of a new crime" to support a finding of a probation violation.

- 2 -

***Commonwealth v. Warren***, 378 A.2d 1271 (Pa. Super. 1977).  Probation cannot be revoked solely on the basis of an arrest.  ***See Commonwealth v. Sims***, 770 A.2d 346 (Pa. Super. 2001).    The Commonwealth must do more than show the defendant was arrested; it must show proof of an arrest and some facts to support a finding that defendant committed the new crimes.  ***Id.*** at 352.  Here, the record is devoid of such facts.  Indeed, no evidence was offered to show Pressley committed the new offenses for which he was arrested.   Thus, Pressley is correct that the Commonwealth failed to establish a new conviction.

This is exactly why it is preferable to defer a violation of probation hearing until resolution of the new charges.  ***See e.g. Commonwealth v. Gilliam***, 233 A.3d 863, 869 (Pa. Super. 2020).  Because we have nothing more than Pressley's stipulation that he was arrested, I would find that the trial court erred in finding a probation violation on this basis.

Whether the sentence imposed here was illegal is a different matter. The VOP court might have revoked Pressley's probation and imposed the same sentence of incarceration based solely on the failure to pay costs.  However, this would have been an extreme sentence based solely on a technical violation, and the court offered no justification for revoking probation and ordering incarceration on this basis.  Instead, the VOP court clearly relied on both the subsequent arrest and the failure to pay costs in fashioning its sentence.    Under these facts, I would vacate the sentence of incarceration

and allow the VOP court to decide whether to revoke the probation and impose

a new sentence based solely on Pressley's failure to pay costs.[1]

---

[1] If Pressley's new criminal charges have since resulted in a conviction, the Commonwealth could file a new notice of probation violation based on this conviction.